SAM S. PUTHASNANON Cal. Bar No. 198430
Email: puathasnanons@sec.gov
SANA MUTTALIB Cal. Bar No. 267005
Email: muttalibs@sec.gov

Attorneys for Applicant
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Fascimile: (323) 965-3815



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENAS OF THE<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>Applicant,<br><br>v.<br><br>BOBBY JONES, RAYMON CHADWICK, TERRY JOHNSON, INNOVATIVE GROUP, REDWATER FUNDING GROUP, LLC, and EXPECTRUM, LLC,<br><br>Respondents. | Case No. CV13-08314-DDP (Ex)<br><br>**DECLARATION OF SANA MUTTALIB IN SUPPORT OF THE SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS** |

I, Sana Muttalib, declare pursuant to 28 U.S.C. § 1746 as follows:

1. This declaration is submitted in support of the Securities and Exchange Commission's Application for an Order to Show Cause and Application for an Order Compelling Compliance with administrative subpoenas issued to Bobby Jones, Raymon Chadwick, Terry Johnson, Innovative Group, Redwater Funding Group, LLC, and Expectrum, LLC. Unless specifically stated, I have personal knowledge of the matters set forth below.

2. I am a staff attorney in the Los Angeles Regional Office of the Securities and Exchange Commission ("SEC"). In the course of my duties with the SEC, I conduct investigations into possible violations of the federal securities laws. My responsibilities include, among other things, subpoenaing documents and witnesses, obtaining and analyzing documents, taking testimony and determining whether there have been violations of the statutes enforced by and regulations promulgated by the SEC.

## The Janus Spectrum Investigation

3. I am one of the attorneys assigned to the SEC's formal investigation entitled *In the Matter of Janus Spectrum*, SEC File No. LA-4280.

4. The SEC issued a formal order of private investigation ("Formal Order") in this matter on June 6, 2013. The Formal Order designates and empowers certain members of the SEC's staff, including me, as officers of the SEC to, among other things, subpoena witnesses for testimony, compel their attendance, take evidence and require the production of materials relevant or material to the investigation. A true and correct copy of the Formal Order is attached to this declaration as Exhibit 1.

5. Along with other staff members, I am conducting this investigation out of the SEC's Los Angeles Regional Office, located in Los Angeles, California. I am familiar with the investigatory file in this matter, including each of the orders

1

issued by the SEC in this matter as well as each of the subpoenas issued by the Commission staff in this matter.

6. Under the Formal Order, the SEC staff is seeking information regarding, among other things, whether any persons or entities affiliated with Janus Spectrum, LLC ("Janus") or its affiliates are engaging in or are about to engage in violations of Sections 5(a) and 17(a) of the Securities Act of 1933, 15 U.S.C. § 77e(a), 77q(a), and Sections 10(b) and 15(a) of the Exchange Act of 1934, 15 U.S.C. § 78j(b), 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### The SEC's Investigative Subpoenas Issued to Respondents

7. In connection with my investigation, I subpoenaed a number of individuals and entities for relevant documents and records regarding Janus in June of 2013. These subpoenas requested documents from Bobby Jones, Raymon Chadwick, and Terry Johnson, who each produced responsive documents in July of 2013.

8. On August 26, 2013, the SEC staff issued additional subpoenas to the six Respondents to this Application—the three individual Respondents (Bobby Jones, Raymond Chadwick and Terry Johnson), and the three corporate Respondents (Innovative Group ("Innovative") Redwater Funding Group, LLC ("Redwater") and Expectrum, LLC ("Expectrum")). The subpoenas required the Respondents to respond by September 9, 2013. Attached as Exhibits 2, 3, 4, 5, 6 and 7 are true and correct copies of those subpoenas, respectively.

9. The SEC staff served its investigative subpoenas on the Respondents via overnight delivery through United Parcel Service ("UPS"). According to UPS's delivery notifications, the Respondents were served on August 27, 2013. Attached as Exhibit 8 are true and correct copies of the UPS delivery notifications.

10. As part of the SEC investigation, I am investigating whether Janus or its affiliates may be involved in the possible fraudulent offer or sale of unregistered securities, or other violations of the federal securities laws, in connection with

1  services purportedly provided in connection with licenses issued by the Federal
2  Communications Commission (the "FCC").
3      11.   Based on my investigation, it appears that the Respondents are
4  affiliated with Janus. Mr. Chadwick, Mr. Johnson and Mr. Jones appear to be
5  registered agents and/or officers of various entities that may be affiliated with
6  Janus, including Innovative, Redwater and Expectrum. It appears that Mr.
7  Chadwick, Mr. Johnson and Mr. Jones were involved in the offer and sale of
8  unregistered securities through various entities, including Innovative, Redwater
9  and Expectrum. It also appears that Innovative, Redwater and Expectrum received
10 money from investors, and that Janus received money from Innovative and
11 Redwater.
12     12.   Mr. Chadwick, Mr. Johnson and Mr. Jones are representative agents of
13 Innovative. Attached as <u>Exhibit 9</u> is a true and correct copy of the Articles of
14 Association of Innovative Group, which lists Mr. Chadwick as a Principal Trustee
15 of Innovative. Attached as <u>Exhibit 10</u> are true and correct copy of emails indicating
16 that Mr. Jones and Mr. Johnson act on behalf of and are agents of Innovative.
17     13.   Mr. Chadwick and Mr. Johnson are officers of Redwater. Attached as
18 <u>Exhibit 11</u> is a true and correct copy of officer and director information for
19 Redwater obtained from the Texas Comptroller of Public Accounts website.
20     14.   Mr. Johnson is a manager of Expectrum, and Mr. Chadwick is a
21 member. Attached as <u>Exhibit 12</u> is a true and correct copy of the manager and
22 membership information for Expectrum obtained from the Arizona Corporations
23 Commission website.

**The Relevancy of the Records Sought**

25     15.   With its August 26, 2013 subpoenas, the SEC staff seeks corporate
26 records, correspondence and other documents from the Respondents. These
27 records and documents are relevant to the SEC staff's pending investigation
28 because they will assist the SEC staff in determining Janus's relationship with

3

affiliated entities and individuals, why Janus received money from Innovative and Redwater, Janus's relationship with investors, Janus's structure, and the nature of any securities offerings Janus and/or its affiliates may have offered and sold. Moreover, all of the Respondents are relevant to the investigation because they appear to be officers or agents of entities that are affiliated with Janus, as described above.

### The SEC Subpoenas Issued to the Respondents

#### Mr. Chadwick, Redwater and Innovative

16.  The SEC staff issued an initial subpoena to Mr. Chadwick on June 11, 2013, requesting that he produce documents in his possession relating primarily to Janus, including Janus's corporate records. Mr. Chadwick produced one document in response to the June 11 subpoena on July 22, 2013. I spoke to Mr. Chadwick on the telephone on August 1, 2013, about his July 22 production. Mr. Chadwick told me that he had produced the only responsive document in his possession, a broker services agreement between Innovative and Janus. Mr. Chadwick represented that he did not have any other documents that were responsive to the June 11 subpoena.

17.  On August 26, 2013, the SEC staff then issued subpoenas to Mr. Chadwick, Redwater and Innovative. Each subpoena requested documents in each of their possession relating to entities affiliated with Janus, their respective relationship with Janus, and their involvement in the offering of FCC license interests. These subpoenas required that they respond by September 9, 2013.

18.  The August 26 subpoenas issued to Mr. Chadwick, Innovative, and Redwater were sent to Mr. Chadwick's address via overnight mail. The UPS delivery notification indicates that the subpoenas were delivered to that address on August 27, 2013 at 10:13 a.m. *See* Ex. 8. In an email exchange on September 4, 2013, Mr. Chadwick requested, and I agreed to, an extension of time, until September 25, to produce documents responsive to the August 26 subpoenas. Attached as Exhibit 13 are true and correct copies of these emails. At no point

4

1  between September 4 and September 24 did Mr. Chadwick contact me to discuss
2  the subpoenas.

### Mr. Johnson and Expectrum

3

4  19.  The SEC staff also issued an initial subpoena to Mr. Johnson on June
5  11, 2013, requesting that he also produce documents in his possession relating
6  primarily to Janus, including Janus's corporate records. Like Mr. Chadwick, Mr.
7  Johnson only produced one document on July 22. I spoke to Mr. Johnson on the
8  telephone on August 19, 2013, about his production. During that conversation, Mr.
9  Johnson represented that he did not have any other documents that were responsive
10 to the June 11 subpoena.

11 20.  On August 26, 2013, the SEC staff then issued subpoenas to Mr.
12 Johnson and Expectrum. Each subpoena requested documents in each of their
13 possession relating to entities affiliated with Janus, their respective relationship
14 with Janus, and their involvement in the offering of FCC license interests. These
15 subpoenas required that they respond by September 9, 2013.

16 21.  The August 26 subpoenas issued to Mr. Johnson and Expectrum were
17 sent to Mr. Johnson's home address via overnight mail. The UPS delivery
18 notification indicates that the subpoenas were delivered to that address on August
19 27, 2013 at 9:57 a.m. *See* Ex. 8. In a September 4, 2013 email exchange, Mr.
20 Johnson requested, and I agreed to, an extension of time, until September 26, to
21 produce documents relevant to the August 26 subpoenas issued to him and
22 Expectrum, LLC. Attached as Exhibit 14 are true and correct copies of these
23 emails. At no point between September 4 and September 24 did Mr. Johnson
24 contact me to discuss the August 26 subpoenas.

### Mr. Jones

25

26 22.  The SEC staff also issued an initial subpoena to Mr. Jones on June 11,
27 2013, requesting that he also produce documents in his possession relating
28 primarily to Janus, including Janus's corporate records. Like Mr. Chadwick and

5

1  Mr. Johnson, Mr. Jones only produced one document, a broker services agreement
2  with Janus, on July 17, 2013.
3      23.   On August 26, 2013, the SEC staff then issued subpoenas to Mr.
4  Jones. The subpoena requested documents in his possession relating to entities
5  affiliated with Janus, his relationship with Janus, and his involvement in the
6  offering of FCC license interests. These subpoena required that he respond by
7  September 9, 2013.
8      24.   Mr. Jones did not contact the SEC staff before this deadline to request
9  an extension. On September 11, 2013, I sent an email to Mr. Jones, which attached
10 a copy of the August 26 subpoena, explaining that the SEC staff had not received a
11 response, and reiterating that the subpoena deadline had passed. After waiting 24
12 hours for a response, I tried to reach Mr. Jones on September 12 via telephone, but
13 was unsuccessful. I then sent a follow-up email on September 12 asking Mr. Jones
14 to respond to my September 11 email. I did not hear from Mr. Jones until
15 September 16 when he sent me an email stating that he had been traveling and had
16 not received the August 26 subpoena in the mail. However, UPS's tracking
17 records indicate that the August 26 subpoena was delivered to Mr. Jones at his
18 home address on August 27, 2013 at 9:26 a.m. *See* Ex. 8. In his September 16
19 email, Mr. Jones asked for an extension of time to respond to the subpoena and
20 represented that he would respond and send documents no later than Friday,
21 September 20, 2013. Attached as <u>Exhibit 15</u> are true and correct copies of those
22 emails.

**The Respondents' Refusal to Respond to the SEC's August 26 Subpoenas**

23
24      25.   On September 26, 2013, I received identical letters dated September
25 25, 2013 from Mr. Chadwick, Mr. Johnson, Innovative, Redwater and Expectrum
26 regarding the August 26 subpoenas issued to each of them. On October 1, 2013, I
27 received an identical letter from Mr. Jones dated September 24, 2013 regarding the
28 August 26 subpoena issued to him. In the letters, each of the Respondents

6

requested that the SEC staff give them the right to examine any complaints issued against them, grant them a pre-administrative hearing, and provide written responses to questions included in their letters, which asked for details about the investigation and the SEC staff's authority to issue subpoenas.

26. In their letters, the Respondents also outlined their objections to the SEC staff's August 26 subpoenas and indicated that they would only comply with the requirements of the subpoenas after the SEC staff provided them with the information they requested. The letters stated that the Respondents refused to produce based on the First, Fourth, Fifth, and Fourteenth Amendments. Attached as <u>Exhibit 16</u> are true and correct copies of the Respondents' September 25 and September 24 letters.

27. In response to the Respondents' letters, I sent letters dated October 4, 2013 to each Respondent. The letters were sent via email and overnight delivery through UPS. In my October 4 letters, I stated, as I had previously explained to them, that the SEC staff is conducting a non-public, fact-finding investigation. I also explained that no complaint had been issued against any of them and, thus, they had no right to a pre-administrative hearing. In my letters, I further explained that, under 17 C.F.R. §203.7, the Respondents could request a copy of the formal order of private investigation in the matter, and included instructions on how to make such a request.

28. I also clearly set forth the legal basis for the SEC staff's authority to issue subpoenas for information relevant to its investigations. In my letters, I also stated that the First, Fourth, Fifth, and Fourteenth Amendments did not excuse the Respondents from producing documents in response to the lawfully issued subpoenas.

29. Moreover, in these letters, I specifically notified the Respondents that they were not in compliance with the August 26 subpoenas and that it was within the SEC staff's authority to file a subpoena enforcement action if the Respondents

failed to comply. The letters stated that Respondents must produce documents no later than Friday, October 11 in order to comply with the August 26 subpoenas. Attached as <u>Exhibit 17</u> are true and correct copies of my October 4, 2013 letters that I sent to the Respondents.

      30. On October 9, 2013, my supervisor and I telephoned Mr. Chadwick to discuss a separate issue relating to the investigation. During this conversation, Mr. Chadwick raised concerns and questions relating to the August 26 subpoenas issued to him, Redwater and Innovative, reiterated a number of the objections he had made in his September 25 letters and indicated that he had received my October 4 letter. We explained that Mr. Chadwick, Redwater and Innovative needed to produce documents to the SEC by October 11, 2013 in order to comply with the August 26 subpoenas, and that the SEC would be within its rights to file a subpoena enforcement action against Mr. Chadwick, Redwater and Innovative if they did not do so. Mr. Chadwick indicated that he understood the SEC staff's position.

      31. On October 11, 2013, the Respondents sent letters to the SEC, again stating that they refused to produce documents in response to the August 26 subpoenas until the SEC staff provided answers to a list of questions included in the letters. These questions again asked for information about the SEC's investigation and the SEC staff's authority to issue the subpoenas. Attached as <u>Exhibit 18</u> are true and correct copies of these letters.

      32. As of the date of this Declaration, Mr. Chadwick, Mr. Johnson and Mr. Jones have not produced any documents in response to the SEC's August 26, 2013 subpoenas issued to them. Likewise, Innovative, Redwater and Expectrum have not produced any documents in response to the August 26, 2013 subpoenas issued to them.

33. The Respondents' continued noncompliance with the August 26 subpoenas is hindering the SEC staff's efforts to determine what, if any, violations of the securities laws have occurred or continue to occur.

### Notice

34. On November 6, 2013, I notified the Respondents that the SEC intended to file the instant Application seeking to compel their compliance with the SEC's August 26, 2013 subpoenas. I provided this notice via voicemails left for Mr. Chadwick, Mr. Johnson and Mr. Jones in their individual capacities and as representatives of Redwater, Innovative and Expectrum. I left the voicemails on their personal phones. I followed up by sending emails that same day to Mr. Chadwick, Mr. Johnson and Mr. Jones. I informed the Respondents that the Application would be filed in the United States District Court of the Central District of California.

35. After personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 7, 2013, at Los Angeles, California.

/s/ Sana Muttalib
/Sana Muttalib

9

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On November 8, 2013, I caused to be served the document entitled **DECLARATION OF SANA MUTTLIB IN SUPPORT OF THE SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 8, 2013                                     _Magnolia M. Irwin_
                                                                        Magnolia Irwin

1

<u>SEC v. Bobby Jones, et al.</u>
United States District Court - Central District of California
(LA-4280)

## MASTER SERVICE LIST

Bobby Jones
1831 E. Donner Drive
Phoenix, AZ 85042
Email: bobbyjones11@cox.net
*Pro Se*

Raymon Chadwick
539 Crossland Boulevard
Grand Prairie, TX 75052
Email: rchadwick20@gmail.com
*Pro Se*

Terry Johnson
6 Key Drive
Rockwall, Texas, 75032
Email: twjohnson@msn.com
*Pro Se*

Innovative Group
c/o Raymon Chadwick
539 Crossland Boulevard
Grand Prairie, TX 75052
Email: rchadwick20@gmail.com
*Pro Se*

Redwater Funding Group, LLC
c/o Raymon Chadwick
539 Crossland Boulevard
Grand Prairie, TX 75052
Email: rchadwick20@gmail.com
*Pro Se*

Expectrum, LLC
c/o Terry Johnson
6 Key Drive
Rockwall, Texas, 75032
Email: twjohnson@msn.com
*Pro Se*