Bobby Jones<br>
1831 E. Donner Dr.<br>
Phoenix, Arizona 85042<br>
602-69▮▮▮▮

September 24, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor
Los Angeles, California 90036-3648
323-965-4506

**FEDERAL EXPRESS - 8032 5757 6666**
**SIGNATURE RECEIPT REQUIRED**

Re:  **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280); SUBPOENA DUCES TECUM**

Dear Ms. Muttalib:

This is my letter of response to your letter dated August 26, 2013 of your alleged Subpoena duces tecum requesting my books and records on September 9, 2013.

Any records or information I give up will be under protest and duress unless you allow me the right to examine the issued complaint against me, my right to a pre-administrative hearing, your written answers to the questions below and make them available to me in writing prior to the subpoena duces tecum.

This is my request for a pre-administrative hearing by the Respondent in this case. The Respondent is the party being investigated in this case by the SEC.

The Respondent did _not_ receive a Pre-Administrative hearing affording him a fair and meaningful opportunity to be heard, nor was Respondent entitled to see the issued complaint by the SEC. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Davis v. Scherer, 82 L. Ed. 2d 139 at 155; Armstrong v. Mauzo, 14 L. Ed. 2d 62; Grannis v. Ordean 58 L. Ed. 1363; Mathews v. Eldridge, 47 L. Ed. 2d 18. Fairness of procedure is "due process in the primary sense". This agency

1

Exhibit 16 Page 249

cannot disregard the deep-rooted demands of fair play enshrined in the Constitution. Yamataya v. Fisher, 47 L. Ed. 721 at 725 and 726.

The Respondent in any case is entitled to see an issued complaint and to have a Pre-Administrative Hearing in which the Respondent can be heard before any action and further action is taken by the agency. In fact, it is the duty of this agency to make sure that the following are adhered to.

    a.    Furnish Respondent a timely and adequate notice detailing the reasons for the investigation.

    b.    Give Respondent an opportunity to defend.

    c.    Allow Respondent the opportunity to confront and cross-examine adverse witnesses.

    d.    Provide the opportunity to Respondent to present oral argument and evidence.

    e.    Allow Respondent to appear personally with or without counsel before the official who finally determines the issues. Written submissions do not satisfy Due Process of Law.

    f.    Disclose to Respondent, before any action is taken, all evidence utilized by the agency in deciding sanctions or any other penalty.

    g.    Assure that the final decision-maker's conclusions rest solely on the legal rules and evidence required and adduced at the hearing.

    h.    Assure that the final decision-maker is impartial. (This may require someone outside the agency.)

    i.    Require that the decision-maker states reasons for determination including, but not limited to, what laws, regulations and rules were used in reaching any and all final decision(s).

This said Pre-Administrative Hearing and its characteristics are demanded by the U.S. Supreme Court in the cases of Goldberg v. Kelly, 25 L. Ed. 2d 287; Sniadach v. Family Finance Corp., 23 L. Ed. 2d 349 (and others). Flagrant violation of this demand voids any and all previous final determinations due to lack of proper administrative legal procedures in this case. It is clear that the attributes and aspects of a legal and proper Pre-Administrative Hearing were not fulfilled or accomplished before or during the investigation.

Exhibit 16 Page 250

I will be willing to comply to your subpoena duces tecum demands after you furnish the information requested for a pre-administrative hearing and you answer the questions below and make them available to me in writing prior to the subpoena duces tecum.

1. Please provide the name of the anonymous complaint or that whom created the investigation.
2. Please provide the complaint to determine relevance and materiality.
3. Please provide a Pre-Administrative Hearing concerning the decision to investigate.
4. Please provide answers to the Privacy Act questions which must be automatically answered in advance pursuant to Title 5 U.S.C. §552a.
5. Please provide the Rules of Interpretation and Construction of the SEC statutes.
6. Please provide your Oath of Office and the SEC Board of Directors.
7. Please provide the Safeguards under Title 26 U.S.C. section 7521.

If not, then

1. Respondent Objects under the Due Process Clause of the 5th Amendment to the U.S. Constitution that the information is not Relevant or Material, to C-1 thru 19.

2. Respondent Objects under the 1st 4th and 5th Amendments to the U.S. Constitution, to C-1 thru 19.

Respectfully submitted,

Bobby Jones

Attachment: Subpoena dated 8/26/2013

Exhibit 16 Page 251

RECEIVED
2013 SEP 26 AM 11:48
DIVISION OF ENFORCEMENT

**Innovative Group**
(a 1st and 14th Private Membership Association)
539 Crossland Blvd.
Grand Prairie, Texas 75052
214-394-2697

September 25, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor
Los Angeles, California 90036-3648
323-965-4506

**CERTIFIED MAIL –
RETURN RECEIPT REQUESTED**

Re:   **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280); SUBPOENA DUCES TECUM**

Dear Ms. Muttalib:

This is my letter of response to your letter dated August 26, 2013 of your alleged Subpoena duces tecum requesting my books and records on September 9, 2013.

Any records or information I give up will be under protest and duress unless you allow me the right to examine the issued complaint against me, my right to a pre-administrative hearing, your written answers to the questions below and make them available to me in writing prior to the subpoena duces tecum.

This is my request for a pre-administrative hearing by the Respondent in this case. The Respondent is the party being investigated in this case by the SEC.

The Respondent did _not_ receive a Pre-Administrative hearing affording him a fair and meaningful opportunity to be heard, nor was Respondent entitled to see the issued complaint by the SEC. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Davis v. Scherer, 82 L. Ed. 2d 139 at 155; Armstrong v. Mauzo, 14 L. Ed. 2d 62; Grannis v. Ordean 58 L. Ed. 1363; Mathews v. Eldridge,

1

Exhibit 16 Page 252

47 L. Ed. 2d 18. Fairness of procedure is "due process in the primary sense". This agency cannot disregard the deep-rooted demands of fair play enshrined in the Constitution. Yamataya v. Fisher, 47 L. Ed. 721 at 725 and 726.

The Respondent in any case is entitled to see an issued complaint and to have a Pre-Administrative Hearing in which the Respondent can be heard before any action and further action is taken by the agency. In fact, it is the duty of this agency to make sure that the following are adhered to.

a. Furnish Respondent a timely and adequate notice detailing the reasons for the investigation.

b. Give Respondent an opportunity to defend.

c. Allow Respondent the opportunity to confront and cross-examine adverse witnesses.

d. Provide the opportunity to Respondent to present oral argument and evidence.

e. Allow Respondent to appear personally with or without counsel before the official who finally determines the issues. Written submissions do not satisfy Due Process of Law.

f. Disclose to Respondent, before any action is taken, all evidence utilized by the agency in deciding sanctions or any other penalty.

g. Assure that the final decision-maker's conclusions rest solely on the legal rules and evidence required and adduced at the hearing.

h. Assure that the final decision-maker is impartial. (This may require someone outside the agency.)

i. Require that the decision-maker states reasons for determination including, but not limited to, what laws, regulations and rules were used in reaching any and all final decision(s).

This said Pre-Administrative Hearing and its characteristics are demanded by the U.S. Supreme Court in the cases of Goldberg v. Kelly, 25 L. Ed. 2d 287; Sniadach v. Family Finance Corp., 23 L. Ed. 2d 349 (and others). Flagrant violation of this demand voids any and all previous final determinations due to lack of proper administrative legal procedures in this case.

Exhibit 16 Page 253

It is clear that the attributes and aspects of a legal and proper Pre-Administrative Hearing were not fulfilled or accomplished before or during the investigation.

I will be willing to comply to your subpoena duces tecum demands after you furnish the information requested for a pre-administrative hearing and you answer the questions below and make them available to me in writing prior to the subpoena duces tecum.

1. Please provide the name of the anonymous complaint or that whom created the investigation.
2. Please provide the complaint to determine relevance and materiality.
3. Please provide a Pre-Administrative Hearing concerning the decision to investigate.
4. Please provide answers to the Privacy Act questions which must be automatically answered in advance pursuant to Title 5 U.S.C. §552a.
5. Please provide the Rules of Interpretation and Construction of the SEC statutes.
6. Please provide your Oath of Office and the SEC Board of Directors.
7. Please provide the Safeguards under Title 26 U.S.C. section 7521.

If not, then

1. Respondent Objects under the Due Process Clause of the 5th Amendment to the U.S. Constitution that the information is not Relevant or Material, to C-1 thru 27.

2. Respondent Objects under the 1st 4th and 5th Amendments to the U.S. Constitution, to C-1 thru 27.

Respectfully submitted,

Innovative Group
(a 1st and 14th Private Membership Association)

by *Raymon Chadwick*
Raymon Chadwick, Trustee

Attachment: Subpoena dated 8/26/2013

3

Exhibit 16 Page 254



```
ORIGIN ID:FWHA   (972) 264-5480          SHIP DATE: 25SEP13
SHIPPING MANAGER                          ACTWGT: 0.3 LB
SHIP-N-MORE                               CAD: 105391329/WSXI2750
4116 S CARRIER PKWY STE 280
GRAND PRAIRIE, TX 75052                   BILL SENDER
UNITED STATES US

TO ENF-CPU
   US SEC
   100 F ST NW MAILSTOP 5973

   WASHINGTON DC 20549
   (555) 555-5555        REF: RAY CHADWICK
   INV: PKG ID: 146320
   PO:                   DEPT:
```

FedEx Express

TRK# 7967 6989 1048    THU - 26 SEP 10:30A
0201                   PRIORITY OVERNIGHT

XC YKNA                          ASR
                                 20549
                            DC-US IAD



Exhibit 16 Page 255

**Raymon Chadwick**
**539 Crossland Blvd.**
**Grand Prairie, Texas 75052**
**214-394-2697**

September 25, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor
Los Angeles, California 90036-3648
323-965-4506

**CERTIFIED MAIL –
RETURN RECEIPT REQUESTED**

Re: **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280); SUBPOENA DUCES TECUM**

Dear Ms. Muttalib:

This is my letter of response to your letter dated August 26, 2013 of your alleged Subpoena duces tecum requesting my books and records on September 9, 2013.

Any records or information I give up will be under protest and duress unless you allow me the right to examine the issued complaint against me, my right to a pre-administrative hearing, your written answers to the questions below and make them available to me in writing prior to the subpoena duces tecum.

This is my request for a pre-administrative hearing by the Respondent in this case. The Respondent is the party being investigated in this case by the SEC.

The Respondent did not receive a Pre-Administrative hearing affording him a fair and meaningful opportunity to be heard, nor was Respondent entitled to see the issued complaint by the SEC. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Davis v. Scherer, 82 L. Ed. 2d 139 at 155; Armstrong v. Mauzo, 14 L. Ed. 2d 62; Grannis v. Ordean 58 L. Ed. 1363; Mathews v. Eldridge, 47 L. Ed. 2d 18. Fairness of procedure is "due process in the primary sense". This agency

1

Exhibit 16 Page 256

cannot disregard the deep-rooted demands of fair play enshrined in the Constitution. <u>Yamataya v. Fisher</u>, 47 L. Ed. 721 at 725 and 726.

The Respondent in any case is entitled to see an issued complaint and to have a Pre-Administrative Hearing in which the Respondent can be heard before any action and further action is taken by the agency. In fact, it is the duty of this agency to make sure that the following are adhered to.

    a. Furnish Respondent a timely and adequate notice detailing the reasons for the investigation.

    b. Give Respondent an opportunity to defend.

    c. Allow Respondent the opportunity to confront and cross-examine adverse witnesses.

    d. Provide the opportunity to Respondent to present oral argument and evidence.

    e. Allow Respondent to appear personally with or without counsel before the official who finally determines the issues. Written submissions do not satisfy Due Process of Law.

    f. Disclose to Respondent, before any action is taken, all evidence utilized by the agency in deciding sanctions or any other penalty.

    g. Assure that the final decision-maker's conclusions rest solely on the legal rules and evidence required and adduced at the hearing.

    h. Assure that the final decision-maker is impartial. (This may require someone outside the agency.)

    i. Require that the decision-maker states reasons for determination including, but not limited to, what laws, regulations and rules were used in reaching any and all final decision(s).

This said Pre-Administrative Hearing and its characteristics are demanded by the U.S. Supreme Court in the cases of <u>Goldberg v. Kelly</u>, 25 L. Ed. 2d 287; <u>Sniadach v. Family Finance Corp.</u>, 23 L. Ed. 2d 349 (and others). Flagrant violation of this demand voids any and all previous final determinations due to lack of proper administrative legal procedures in this case. It is clear that the attributes and aspects of a legal and proper Pre-Administrative Hearing were not fulfilled or accomplished before or during the investigation.

I will be willing to comply to your subpoena duces tecum demands after you furnish the information requested for a pre-administrative hearing and you answer the questions below and make them available to me in writing prior to the subpoena duces tecum.

1. Please provide the name of the anonymous complaint or that whom created the investigation.
2. Please provide the complaint to determine relevance and materiality.
3. Please provide a Pre-Administrative Hearing concerning the decision to investigate.
4. Please provide answers to the Privacy Act questions which must be automatically answered in advance pursuant to Title 5 U.S.C. §552a.
5. Please provide the Rules of Interpretation and Construction of the SEC statutes.
6. Please provide your Oath of Office and the SEC Board of Directors.
7. Please provide the Safeguards under Title 26 U.S.C. section 7521.

If not, then

1. Respondent Objects under the Due Process Clause of the 5th Amendment to the U.S. Constitution that the information is not Relevant or Material, to C-1 thru 19.

2. Respondent Objects under the 1st 4th and 5th Amendments to the U.S. Constitution, to C-1 thru 19.

Respectfully submitted,

*Raymon Chadwick*
Raymon Chadwick

Attachment: Subpoena dated 8/26/2013

**Redwater Funding Group LLC.**
**539 Crossland Blvd.**
**Grand Prairie, Texas 75052**
**214-394-2697**

September 25, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor       **CERTIFIED MAIL –**
Los Angeles, California 90036-3648   **RETURN RECEIPT REQUESTED**
323-965-4506

Re: **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280); SUBPOENA DUCES TECUM**

Dear Ms. Muttalib:

This is my letter of response to your letter dated August 26, 2013 of your alleged Subpoena duces tecum requesting my books and records on September 9, 2013.

Any records or information I give up will be under protest and duress unless you allow me the right to examine the issued complaint against me, my right to a pre-administrative hearing, your written answers to the questions below and make them available to me in writing prior to the subpoena duces tecum.

This is my request for a pre-administrative hearing by the Respondent in this case. The Respondent is the party being investigated in this case by the SEC.

The Respondent did not receive a Pre-Administrative hearing affording him a fair and meaningful opportunity to be heard, nor was Respondent entitled to see the issued complaint by the SEC. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Davis v. Scherer, 82 L. Ed. 2d 139 at 155; Armstrong v. Mauzo, 14 L. Ed. 2d 62; Grannis v. Ordean 58 L. Ed. 1363; Mathews v. Eldridge, 47 L. Ed. 2d 18. Fairness of procedure is "due process in the primary sense". This agency

1

Exhibit 16 Page 259

cannot disregard the deep-rooted demands of fair play enshrined in the Constitution. <u>Yamataya v. Fisher</u>, 47 L. Ed. 721 at 725 and 726.

The Respondent in any case is entitled to see an issued complaint and to have a Pre-Administrative Hearing in which the Respondent can be heard before any action and further action is taken by the agency. In fact, it is the duty of this agency to make sure that the following are adhered to.

    a.    Furnish Respondent a timely and adequate notice detailing the reasons for the investigation.

    b.    Give Respondent an opportunity to defend.

    c.    Allow Respondent the opportunity to confront and cross-examine adverse witnesses.

    d.    Provide the opportunity to Respondent to present oral argument and evidence.

    e.    Allow Respondent to appear personally with or without counsel before the official who finally determines the issues. Written submissions do not satisfy Due Process of Law.

    f.    Disclose to Respondent, before any action is taken, all evidence utilized by the agency in deciding sanctions or any other penalty.

    g.    Assure that the final decision-maker's conclusions rest solely on the legal rules and evidence required and adduced at the hearing.

    h.    Assure that the final decision-maker is impartial. (This may require someone outside the agency.)

    i.    Require that the decision-maker states reasons for determination including, but not limited to, what laws, regulations and rules were used in reaching any and all final decision(s).

This said Pre-Administrative Hearing and its characteristics are demanded by the U.S. Supreme Court in the cases of <u>Goldberg v. Kelly</u>, 25 L. Ed. 2d 287; <u>Sniadach v. Family Finance Corp.</u>, 23 L. Ed. 2d 349 (and others). Flagrant violation of this demand voids any and all previous final determinations due to lack of proper administrative legal procedures in this case. It is clear that the attributes and aspects of a legal and proper Pre-Administrative Hearing were not fulfilled or accomplished before or during the investigation.

I will be willing to comply to your subpoena duces tecum demands after you furnish the information requested for a pre-administrative hearing and you answer the questions below and make them available to me in writing prior to the subpoena duces tecum.

1. Please provide the name of the anonymous complaint or that whom created the investigation.
2. Please provide the complaint to determine relevance and materiality.
3. Please provide a Pre-Administrative Hearing concerning the decision to investigate.
4. Please provide answers to the Privacy Act questions which must be automatically answered in advance pursuant to Title 5 U.S.C. §552a.
5. Please provide the Rules of Interpretation and Construction of the SEC statutes.
6. Please provide your Oath of Office and the SEC Board of Directors.
7. Please provide the Safeguards under Title 26 U.S.C. section 7521.

If not, then

1. Respondent Objects under the Due Process Clause of the 5th Amendment to the U.S. Constitution that the information is not Relevant or Material, to C-1 thru 27.

2. Respondent Objects under the 1st 4th and 5th Amendments to the U.S. Constitution, to C-1 thru 27.

Respectfully submitted,

**REDWATER FUNDING GROUP LLC.**

by *[signature]*
Raymon Chadwick

Attachment: Subpoena dated 8/26/2013

3

Exhibit 16 Page 261

**Innovative Group**
**(a 1st and 14th Private Membership Association)**
**539 Crossland Blvd.**
**Grand Prairie, Texas 75052**
**214-394-2697**

September 25, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor           **CERTIFIED MAIL –**
Los Angeles, California 90036-3648     **RETURN RECEIPT REQUESTED**
323-965-4506

Re:    **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280); SUBPOENA DUCES TECUM**

Dear Ms. Muttalib:

This is my letter of response to your letter dated August 26, 2013 of your alleged Subpoena duces tecum requesting my books and records on September 9, 2013.

Any records or information I give up will be under protest and duress unless you allow me the right to examine the issued complaint against me, my right to a pre-administrative hearing, your written answers to the questions below and make them available to me in writing prior to the subpoena duces tecum.

This is my request for a pre-administrative hearing by the Respondent in this case. The Respondent is the party being investigated in this case by the SEC.

The Respondent did _not_ receive a Pre-Administrative hearing affording him a fair and meaningful opportunity to be heard, nor was Respondent entitled to see the issued complaint by the SEC. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. <u>Davis v. Scherer</u>, 82 L. Ed. 2d 139 at 155; <u>Armstrong v. Mauzo</u>, 14 L. Ed. 2d 62; <u>Grannis v. Ordean</u> 58 L. Ed. 1363; <u>Mathews v. Eldridge</u>,

1

Exhibit 16 Page 262

47 L. Ed. 2d 18. Fairness of procedure is "due process in the primary sense". This agency cannot disregard the deep-rooted demands of fair play enshrined in the Constitution. Yamataya v. Fisher, 47 L. Ed. 721 at 725 and 726.

The Respondent in any case is entitled to see an issued complaint and to have a Pre-Administrative Hearing in which the Respondent can be heard before any action and further action is taken by the agency. In fact, it is the duty of this agency to make sure that the following are adhered to.

  a. Furnish Respondent a timely and adequate notice detailing the reasons for the investigation.

  b. Give Respondent an opportunity to defend.

  c. Allow Respondent the opportunity to confront and cross-examine adverse witnesses.

  d. Provide the opportunity to Respondent to present oral argument and evidence.

  e. Allow Respondent to appear personally with or without counsel before the official who finally determines the issues. Written submissions do not satisfy Due Process of Law.

  f. Disclose to Respondent, before any action is taken, all evidence utilized by the agency in deciding sanctions or any other penalty.

  g. Assure that the final decision-maker's conclusions rest solely on the legal rules and evidence required and adduced at the hearing.

  h. Assure that the final decision-maker is impartial. (This may require someone outside the agency.)

  i. Require that the decision-maker states reasons for determination including, but not limited to, what laws, regulations and rules were used in reaching any and all final decision(s).

This said Pre-Administrative Hearing and its characteristics are demanded by the U.S. Supreme Court in the cases of Goldberg v. Kelly, 25 L. Ed. 2d 287; Sniadach v. Family Finance Corp., 23 L. Ed. 2d 349 (and others). Flagrant violation of this demand voids any and all previous final determinations due to lack of proper administrative legal procedures in this case.

It is clear that the attributes and aspects of a legal and proper Pre-Administrative Hearing were not fulfilled or accomplished before or during the investigation.

I will be willing to comply to your subpoena duces tecum demands after you furnish the information requested for a pre-administrative hearing and you answer the questions below and make them available to me in writing prior to the subpoena duces tecum.

1. Please provide the name of the anonymous complaint or that whom created the investigation.
2. Please provide the complaint to determine relevance and materiality.
3. Please provide a Pre-Administrative Hearing concerning the decision to investigate.
4. Please provide answers to the Privacy Act questions which must be automatically answered in advance pursuant to Title 5 U.S.C. §552a.
5. Please provide the Rules of Interpretation and Construction of the SEC statutes.
6. Please provide your Oath of Office and the SEC Board of Directors.
7. Please provide the Safeguards under Title 26 U.S.C. section 7521.

If not, then

1. Respondent Objects under the Due Process Clause of the 5th Amendment to the U.S. Constitution that the information is not Relevant or Material, to C-1 thru 27.

2. Respondent Objects under the 1st 4th and 5th Amendments to the U.S. Constitution, to C-1 thru 27.

Respectfully submitted,

**Innovative Group**
**(a 1st and 14th Private Membership Association)**

by /s/ Raymon Chadwick
Raymon Chadwick, Trustee

Attachment: Subpoena dated 8/26/2013