

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90036-3648

DIRECT DIAL: (323) 965-4506
FAX NUMBER: (323) 965-3392

October 4, 2013

## VIA E-MAIL AND OVERNIGHT MAIL

Terry Johnson
6 Key Drive
Rockwall, Texas 75032

E-mail: twjohnson75@msn.com

Re:    In the Matter of Janus Spectrum LLC (LA-4280)

Dear Mr. Johnson:

I write in response to your letter dated September 25, 2013 communicating your objections to the Commission's subpoena dated August 26, 2013 ("Subpoena").

An initial subpoena was sent to you on June 11, 2013. We received documents from you in response to the June 11 subpoena on July 22, 2013. Subsequent to your production of documents on June 22, we sent you the August 26, 2013 Subpoena, which originally called for the production of documents by September 9, 2013. On September 4, 2013, you requested, and I agreed to, an extension of time to produce documents, until September 25, 2013 (an extension of over two weeks). This agreement was confirmed in my September 4, 2013 e-mail to you.

At no point between September 4 and September 24 did you contact me to discuss any concerns regarding the Subpoena or Expectrum LLC's production. In your September 25, 2013 letter, you requested that we give you the right to examine the issued complaint against you, grant you a pre-administrative hearing, and provide written responses to questions included in your letter. You outlined your objections to the Commission's Subpoena and indicated that you will only comply with the requirements of the Subpoena after the Commission staff provides the requested information. In the alternative, your letter states that you refuse to produce based on the First, Fourth, and Fifth Amendments.

As I explained in our telephone conversation on August 19, 2013, the Commission is conducting a non-public, fact-finding investigation. The investigation and the Subpoena do not mean that we have concluded that you or anyone else has broken the law. We are trying to determine whether there have been any violations of the federal securities laws. Accordingly, no

Exhibit 17 Page 265

Terry Johnson
October 4, 2013
Page 2

complaint has been issued against you at this time and a pre-administrative hearing is
inapplicable in this context.

Pursuant to 17 C.F.R. §203.7, you may request a copy of the formal order of private
investigation in this matter by sending a written request in the form of a letter. Your letter must
be addressed to Victoria Levin, Assistant Regional Director at 5670 Wilshire Blvd, 11th Floor,
Los Angeles, CA 90036. You may also e-mail a copy of the letter to me at Muttalibs@sec.gov
and I will forward it to the attention of Ms. Levin. Your letter must make the following
representations: (1) that you will only utilize the order in connection with the representation of
yourself in this investigation, and (2) that the order will not be furnished, in whole or in part, to
any other person or entity.

This investigation is being conducted pursuant to a lawfully authorized legitimate
purpose. Congress has vested the Commission with broad authority to conduct investigations
into possible violations of the federal securities laws and to demand production of evidence
relevant to such investigations. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984). It is
well-settled that an administrative agency's investigative subpoenas will be judicially enforced if
(i) its "investigation will be conducted pursuant to a legitimate purpose," (ii) the subpoena seeks
information that "may be relevant to the purpose," (iii) "the information sought is not already
within the [Commission's] possession," and (iv) all "administrative steps required … have been
followed." United States v. Powell, 379 U.S. 48, 57-58, (1964) (enforcing IRS subpoena); see
also SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 513-14 (10th Cir. 1980); United States v.
Jose, 131 F. 3d 1325, 1327-28 (9th Cir. 1997) (quoting Powell).

The cases cited in your letter discussing the right to a pre-administrative hearing in cases
requiring Fourteenth Amendment procedural due process when individual rights are violated or
when an individual is wrongly deprived of personal property are inapposite. The Subpoena is
lawfully authorized and your response is legally required. Furthermore, no legal action has been
commenced here, nor has any final judgment regarding your rights been entered into in relation
to this matter. Accordingly, the requirement that you respond to the Subpoena does not result in
any sort of unlawful deprivation of property or the violation of constitutional rights.

In your letter, you also indicated that you refuse to produce documents based on your
assertion of the First, Fourth, and Fifth Amendments. The First and Fourth Amendments do not
excuse you from responding to the Subpoena. See Fisher v. United States, 425 U.S. 391, 401
n. 7 (U.S. 1976).

The Fifth Amendment also does not apply to your production of documents in response
to the Subpoena. The Fifth Amendment is only applicable when an individual is compelled to
make a testimonial communication that is incriminating. See Fisher, 425 U.S. at 408-411. The
Subpoena does not compel you to make any testimonial communications as it only requests pre-
existing documents that were voluntarily created prior to the issuance of the Subpoena. It does
not require you to create any new documents or communications. In addition, "a person may be
required to produce specific documents even though they contain incriminating assertions of fact
or belief because the creation of those documents was not 'compelled' within the meaning of the

Exhibit 17 Page 266

Terry Johnson
October 4, 2013
Page 3

privilege." United States v. Hubbell, 530 U.S. 27, 36-37 (2000); Fisher, 425 U.S. at 411.  The production of corporate documents would not be "deemed a personal act, but rather an act of the corporation."  See Braswell v. United States, 487 U.S. 99, 110 (1988).

Because we have not reached any agreement for an extension beyond September 25, 2013, and because you have not produced any documents, please be advised that you are currently not in compliance with the Subpoena.  Your failure to comply with the Subpoena will require the Commission to evaluate its remedies.  You should be aware that it is within the Commission's authority to file a subpoena enforcement action against you in a United States District Court pursuant to Section 22(b) of the Securities Act of 1933 ("Securities Act") and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act").

You may also wish to consider that once a subpoena enforcement action is instituted, the otherwise non-public nature and existence of the investigation becomes a matter of public record.

Moreover, if the Commission is forced to institute judicial enforcement of the Subpoena and if you refuse to produce documents and/or fails to appear for testimony, Section 22(b) of the Securities Act and Section 21(c) of the Exchange Act make it a misdemeanor to fail to obey Commission subpoenas without just cause.  Upon conviction, the penalty may be a fine of not more than $1,000 or imprisonment for a term of not more than one year, or both.

In order to comply with the Subpoena, you must produce documents **no later than 9:30 a.m., Friday, October 11, 2013.**  You may contact me at (323) 965-4506 to discuss this matter further.

Very truly yours,

Sana Muttalib
Attorney, Enforcement Division

cc:  John Berry
     Regional Trial Counsel
     Los Angeles Regional Office

cc:  Victoria Levin
     Assistant Regional Director, Enforcement Division
     Los Angeles Regional Office

Exhibit 17 Page 267

## UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE





**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90036-3648

DIRECT DIAL: (323) 965-4506
FAX NUMBER: (323) 965-3392

October 4, 2013

## VIA E-MAIL AND OVERNIGHT MAIL

Bobby Jones
1831 E. Donner Dr.
Phoenix, Arizona 85042

E-mail: bobbyjones11@cox.net

      Re:    In the Matter of Janus Spectrum LLC (LA-4280)

Dear Mr. Jones:

      I write in response to your letter dated September 24, 2013 communicating your objections to the Commission's subpoena dated August 26, 2013 ("Subpoena").

      An initial subpoena was sent to you on June 11, 2013. We received documents from you in response to the June 11 subpoena on July 17, 2013. Subsequent to your production of documents on June 17, we sent you the August 26, 2013 Subpoena, which originally called for the production of documents by September 9, 2013. We did not receive a production from you on or before the September 9 deadline, nor did you contact us in regards to the Subpoena prior to the response deadline. On September 10, 2013, I called your cell phone to inquire about your response to the Subpoena but was unable to reach you. On September 11, 2013, I e-mailed you a copy of the subpoena and asked that you contact me as soon as possible to discuss your failure to respond to the Subpoena. I followed up with a subsequent e-mail on the afternoon of September 12.

      I did not hear from you until you e-mailed me on September 16 to indicate that you had been traveling due to personal issues. You represented that you did not receive the Subpoena in the mail. You asked for, and I agreed to, an additional four days to respond to the Subpoena. In your September 16 e-mail, you represented that you would respond no later than the close of business on Friday, September 20, 2013. We did not receive any documents or correspondence from you on September 20 and you did not contact me to discuss the additional delay. Your letter dated September 24, 2013 was received by us on Tuesday, October 1, 2013. The FedEx sent date on the envelope indicated that it was sent on Friday, September 27, 2013.

      In your September 24, 2013 letter, you requested that we give you the right to examine the issued complaint against you, grant you a pre-administrative hearing, and provide written responses to questions included in your letter. You outlined your objections to the

Exhibit 17 Page 269

Bobby Jones
October 4, 2013
Page 2

Commission's Subpoena and indicated that you will only comply with the requirements of the Subpoena after the Commission staff provides the requested information. In the alternative, your letter states that you refuse to produce based on the First, Fourth, and Fifth Amendments.

As I explained in our telephone conversation on August 14, 2013, the Commission is conducting a non-public, fact-finding investigation. The investigation and the Subpoena do not mean that we have concluded that you or anyone else has broken the law. We are trying to determine whether there have been any violations of the federal securities laws. Accordingly, no complaint has been issued against you at this time and a pre-administrative hearing is inapplicable in this context.

Pursuant to 17 C.F.R. §203.7, you may request a copy of the formal order of private investigation in this matter by sending a written request in the form of a letter. Your letter must be addressed to Victoria Levin, Assistant Regional Director at 5670 Wilshire Blvd, 11th Floor, Los Angeles, CA 90036. You may also e-mail a copy of the letter to me at Muttalibs@sec.gov and I will forward it to the attention of Ms. Levin. Your letter must make the following representations: (1) that you will only utilize the order in connection with the representation of yourself in this investigation, and (2) that the order will not be furnished, in whole or in part, to any other person or entity.

This investigation is being conducted pursuant to a lawfully authorized legitimate purpose. Congress has vested the Commission with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984). It is well-settled that an administrative agency's investigative subpoenas will be judicially enforced if (i) its "investigation will be conducted pursuant to a legitimate purpose," (ii) the subpoena seeks information that "may be relevant to the purpose," (iii) "the information sought is not already within the [Commission's] possession," and (iv) all "administrative steps required ... have been followed." United States v. Powell, 379 U.S. 48, 57-58, (1964) (enforcing IRS subpoena); see also SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 513-14 (10th Cir. 1980); United States v. Jose, 131 F. 3d 1325, 1327-28 (9th Cir. 1997) (quoting Powell).

The cases cited in your letter discussing the right to a pre-administrative hearing in cases requiring Fourteenth Amendment procedural due process when individual rights are violated or when an individual is wrongly deprived of personal property are inapposite. The Subpoena is lawfully authorized and your response is legally required. Furthermore, no legal action has been commenced here, nor has any final judgment regarding your rights been entered into in relation to this matter. Accordingly, the requirement that you respond to the Subpoena does not result in any sort of unlawful deprivation of property or the violation of constitutional rights.

In your letter, you also indicated that you refuse to produce documents based on your assertion of the First, Fourth, and Fifth Amendments. The First and Fourth Amendments do not excuse you from responding to the Subpoena. See Fisher v. United States, 425 U.S. 391, 401 n. 7 (U.S. 1976).

Exhibit 17 Page 270

Bobby Jones
October 4, 2013
Page 3

The Fifth Amendment also does not apply to your production of documents in response to the Subpoena. The Fifth Amendment is only applicable when an individual is compelled to make a testimonial communication that is incriminating. See Fisher, 425 U.S. at 408-411. The Subpoena does not compel you to make any testimonial communications as it only requests pre-existing documents that were voluntarily created prior to the issuance of the Subpoena. It does not require you to create any new documents or communications. In addition, "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." United States v. Hubbell, 530 U.S. 27, 36-37 (2000); Fisher, 425 U.S. at 411. The production of corporate documents would not be "deemed a personal act, but rather an act of the corporation." See Braswell v. United States, 487 U.S. 99, 110 (1988).

Because we have not reached any agreement for an extension beyond September 20, 2013, and because you have not produced any documents, please be advised that you are currently not in compliance with the Subpoena. Your failure to comply with the Subpoena will require the Commission to evaluate its remedies. You should be aware that it is within the Commission's authority to file a subpoena enforcement action against you in a United States District Court pursuant to Section 22(b) of the Securities Act of 1933 ("Securities Act") and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act").

You may also wish to consider that once a subpoena enforcement action is instituted, the otherwise non-public nature and existence of the investigation becomes a matter of public record.

Moreover, if the Commission is forced to institute judicial enforcement of the Subpoena and if you refuse to produce documents and/or fails to appear for testimony, Section 22(b) of the Securities Act and Section 21(c) of the Exchange Act make it a misdemeanor to fail to obey Commission subpoenas without just cause. Upon conviction, the penalty may be a fine of not more than $1,000 or imprisonment for a term of not more than one year, or both.

In order to comply with the Subpoena, you must produce documents **no later than 9:30 a.m., Friday, October 11, 2013.** You may contact me at (323) 965-4506 to discuss this matter further.

Very truly yours,

Sana Muttalib
Attorney, Enforcement Division

cc: John Berry
    Regional Trial Counsel, Los Angeles Regional Office

cc: Victoria Levin
    Assistant Regional Director, Enforcement Division
    Los Angeles Regional Office

Exhibit 17 Page 271

UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE



Exhibit 17 Page 272

https://www.campusship.ups.com/cship/create?ActionOriginPair=default___PrintWindow...    10/4/2013



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA  90036-3648

DIRECT DIAL: (323) 965-4506
FAX NUMBER: (323) 965-3392

October 4, 2013

**VIA E-MAIL AND OVERNIGHT MAIL**

Redwater Funding Group LLC
c/o Raymon Chadwick
539 Crossland Blvd.
Grand Prairie, TX 75052

E-mail: rchadwick20@gmail.com

Re:     In the Matter of Janus Spectrum LLC (LA-4280)

Dear Mr. Chadwick:

I write in response to your letter dated September 25, 2013 communicating Redwater Funding Group LLC's objections to the Commission's subpoena dated August 26, 2013 ("Subpoena"). The Subpoena originally called for the production of documents by September 9, 2013. On September 4, 2013, you requested, and I agreed to, an extension of time to produce documents, until September 25, 2013 (an extension of over two weeks). This agreement was confirmed in my September 4, 2013 e-mail to you.

At no point between September 4 and September 24 did you contact me to discuss any concerns regarding the Subpoena or Redwater Funding Group LLC's production. In your September 25, 2013 letter, you requested that we give you the right to examine the issued complaint against you, grant you a pre-administrative hearing, and provide written responses to questions included in your letter. You outlined Redwater Funding Group LLC's objections to the Commission's Subpoena and indicated that Redwater Funding Group LLC will only comply with the requirements of the Subpoena after the Commission staff provides the requested information. In the alternative, your letter states that Redwater Funding Group LLC refuses to produce based on the First, Fourth, and Fifth Amendments.

As I explained in our telephone conversation on August 1, 2013, the Commission is conducting a non-public, fact-finding investigation. The investigation and the Subpoena do not mean that we have concluded that you or anyone else has broken the law. We are trying to determine whether there have been any violations of the federal securities laws. Accordingly, no

Exhibit 17 Page 273

Redwater Funding Group LLC
October 4, 2013
Page 2

complaint has been issued against you at this time and a pre-administrative hearing is inapplicable in this context.

Pursuant to 17 C.F.R. §203.7, you may request a copy of the formal order of private investigation in this matter by sending a written request in the form of a letter. Your letter must be addressed to Victoria Levin, Assistant Regional Director at 5670 Wilshire Blvd, 11th Floor, Los Angeles, CA 90036. You may also e-mail a copy of the letter to me at Muttalibs@sec.gov and I will forward it to the attention of Ms. Levin. Your letter must make the following representations: (1) that you will only utilize the order in connection with the representation of Redwater Funding Group LLC in this investigation, and (2) that the order will not be furnished, in whole or in part, to any other person or entity.

This investigation is being conducted pursuant to a lawfully authorized legitimate purpose. Congress has vested the Commission with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984). It is well-settled that an administrative agency's investigative subpoenas will be judicially enforced if (i) its "investigation will be conducted pursuant to a legitimate purpose," (ii) the subpoena seeks information that "may be relevant to the purpose," (iii) "the information sought is not already within the [Commission's] possession," and (iv) all "administrative steps required … have been followed." United States v. Powell, 379 U.S. 48, 57-58, (1964) (enforcing IRS subpoena); see also SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 513-14 (10th Cir. 1980); United States v. Jose, 131 F. 3d 1325, 1327-28 (9th Cir. 1997) (quoting Powell).

The cases cited in your letter discussing the right to a pre-administrative hearing in cases requiring Fourteenth Amendment procedural due process when individual rights are violated or when an individual is wrongly deprived of personal property are inapposite. The Subpoena is lawfully authorized and your response is legally required. Furthermore, no legal action has been commenced here, nor has any final judgment regarding Redwater Funding Group LLC's rights been entered into in relation to this matter. Accordingly, the requirement that Redwater Funding Group LLC respond to the Subpoena does not result in any sort of unlawful deprivation of property or the violation of constitutional rights.

In your letter, you also indicated that you refused to produce documents based on Redwater Funding Group LLC's assertion of the First, Fourth, and Fifth Amendments. The First and Fourth Amendments do not excuse you from responding to the Subpoena. See Fisher v. United States, 425 U.S. 391, 401 n. 7 (U.S. 1976). The Fifth Amendment also does not excuse you from responding to the Subpoena because corporate entities do not have a Fifth Amendment right to avoid self-incrimination as "corporate records are not private and therefore not protected by the Fifth Amendment." Braswell v. United States, 487 U.S. 99, 109, 118 (1988); In re Grand Jury Subpoena Issued June 18, 2009, 539 F.3d 155, 157 (2d Cir. 2010).

Because we have not reached any agreement for an extension beyond September 25, 2013, and because Redwater Funding Group LLC has not produced any documents, please be advised that Redwater Funding Group LLC is currently not in compliance with the Subpoena.

Exhibit 17 Page 274

Redwater Funding Group LLC
October 4, 2013
Page 3

Redwater Funding Group LLC's failure to comply with the Subpoena will require the
Commission staff to evaluate its remedies.  You should be aware that it is within the
Commission's authority to file a subpoena enforcement action against you in a United States
District Court pursuant to Section 22(b) of the Securities Act of 1933 ("Securities Act") and
Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act").

You may also wish to consider that once a subpoena enforcement action is instituted, the
otherwise non-public nature and existence of the investigation becomes a matter of public record.

Moreover, if the Commission is forced to institute judicial enforcement of the Subpoena
and if Redwater Funding Group LLC refuses to produce documents and/or fails to appear for
testimony, Section 22(b) of the Securities Act and Section 21(c) of the Exchange Act make it a
misdemeanor to fail to obey Commission subpoenas without just cause.  Upon conviction, the
penalty may be a fine of not more than $1,000 or imprisonment for a term of not more than one
year, or both.

In order to comply with the Subpoena, Redwater Funding Group LLC must produce
documents **no later than 9:30 a.m., Friday, October 11, 2013.**  You may contact me at (323)
965-4506 to discuss this matter further.

Very truly yours,

Sana Muttalib
Attorney, Enforcement Division

cc: John Berry
    Regional Trial Counsel
    Los Angeles Regional Office

cc: Victoria Levin
    Assistant Regional Director, Enforcement Division
    Los Angeles Regional Office

Exhibit 17 Page 275

## UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**

   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**

   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.

   Hand the package to any UPS driver in your area.

   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE





**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90036-3648

DIRECT DIAL: (323) 965-4506
FAX NUMBER: (323) 965-3392

October 4, 2013

<u>**VIA E-MAIL AND OVERNIGHT MAIL**</u>

Raymon Chadwick
539 West Crossland Blvd.
Grand Prarier, Texas 75052

E-mail: rchadwick20@gmail.com

Re:   <u>In the Matter of Janus Spectrum LLC (LA-4280)</u>

Dear Mr. Chadwick:

I write in response to your letter dated September 25, 2013 communicating your objections to the Commission's subpoena dated August 26, 2013 ("Subpoena").

An initial subpoena was sent to you on June 11, 2013. We received documents from you in response to the June 11 subpoena on July 22, 2013. Subsequent to your production of documents on June 22, we sent you the August 26, 2013 Subpoena, which originally called for the production of documents by September 9, 2013. On September 4, 2013, you requested, and I agreed to, an extension of time to produce documents, until September 25, 2013 (an extension of over two weeks). This agreement was confirmed in my September 4, 2013 e-mail to you.

At no point between September 4 and September 24 did you contact me to discuss any concerns regarding the Subpoena or Innovative Group's production. In your September 25, 2013 letter, you requested that we give you the right to examine the issued complaint against you, grant you a pre-administrative hearing, and provide written responses to questions included in your letter. You outlined your objections to the Commission's Subpoena and indicated that you will only comply with the requirements of the Subpoena after the Commission staff provides the requested information. In the alternative, your letter states that you refuse to produce based on the First, Fourth, and Fifth Amendments.

As I explained in our telephone conversation on August 1, 2013, the Commission is conducting a non-public, fact-finding investigation. The investigation and the Subpoena do not mean that we have concluded that you or anyone else has broken the law. We are trying to determine whether there have been any violations of the federal securities laws. Accordingly, no

Exhibit 17 Page 277

Raymon Chadwick
October 4, 2013
Page 2

complaint has been issued against you at this time and a pre-administrative hearing is inapplicable in this context.

Pursuant to 17 C.F.R. §203.7, you may request a copy of the formal order of private investigation in this matter by sending a written request in the form of a letter. Your letter must be addressed to Victoria Levin, Assistant Regional Director at 5670 Wilshire Blvd, 11th Floor, Los Angeles, CA 90036. You may also e-mail a copy of the letter to me at Muttalibs@sec.gov and I will forward it to the attention of Ms. Levin. Your letter must make the following representations: (1) that you will only utilize the order in connection with the representation of yourself in this investigation, and (2) that the order will not be furnished, in whole or in part, to any other person or entity.

This investigation is being conducted pursuant to a lawfully authorized legitimate purpose. Congress has vested the Commission with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984). It is well-settled that an administrative agency's investigative subpoenas will be judicially enforced if (i) its "investigation will be conducted pursuant to a legitimate purpose," (ii) the subpoena seeks information that "may be relevant to the purpose," (iii) "the information sought is not already within the [Commission's] possession," and (iv) all "administrative steps required ... have been followed." United States v. Powell, 379 U.S. 48, 57-58, (1964) (enforcing IRS subpoena); see also SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 513-14 (10th Cir. 1980); United States v. Jose, 131 F. 3d 1325, 1327-28 (9th Cir. 1997) (quoting Powell).

The cases cited in your letter discussing the right to a pre-administrative hearing in cases requiring Fourteenth Amendment procedural due process when individual rights are violated or when an individual is wrongly deprived of personal property are inapposite. The Subpoena is lawfully authorized and your response is legally required. Furthermore, no legal action has been commenced here, nor has any final judgment regarding your rights been entered into in relation to this matter. Accordingly, the requirement that you respond to the Subpoena does not result in any sort of unlawful deprivation of property or the violation of constitutional rights.

In your letter, you also indicated that you refuse to produce documents based on your assertion of the First, Fourth, and Fifth Amendments. The First and Fourth Amendments do not excuse you from responding to the Subpoena. See Fisher v. United States, 425 U.S. 391, 401 n. 7 (U.S. 1976).

The Fifth Amendment also does not apply to your production of documents in response to the Subpoena. The Fifth Amendment is only applicable when an individual is compelled to make a testimonial communication that is incriminating. See Fisher, 425 U.S. at 408-411. The Subpoena does not compel you to make any testimonial communications as it only requests pre-existing documents that were voluntarily created prior to the issuance of the Subpoena. It does not require you to create any new documents or communications. In addition, "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the

Exhibit 17 Page 278

Raymon Chadwick
October 4, 2013
Page 3

privilege." <u>United States v. Hubbell,</u> 530 U.S. 27, 36-37 (2000); <u>Fisher,</u> 425 U.S. at 411. The production of corporate documents would not be "deemed a personal act, but rather an act of the corporation." <u>See</u> <u>Braswell v. United States,</u> 487 U.S. 99, 110 (1988).

Because we have not reached any agreement for an extension beyond September 25, 2013, and because you have not produced any documents, please be advised that you are currently not in compliance with the Subpoena. Your failure to comply with the Subpoena will require the Commission to evaluate its remedies. You should be aware that it is within the Commission's authority to file a subpoena enforcement action against you in a United States District Court pursuant to Section 22(b) of the Securities Act of 1933 ("Securities Act") and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act").

You may also wish to consider that once a subpoena enforcement action is instituted, the otherwise non-public nature and existence of the investigation becomes a matter of public record.

Moreover, if the Commission is forced to institute judicial enforcement of the Subpoena and if you refuse to produce documents and/or fails to appear for testimony, Section 22(b) of the Securities Act and Section 21(c) of the Exchange Act make it a misdemeanor to fail to obey Commission subpoenas without just cause. Upon conviction, the penalty may be a fine of not more than $1,000 or imprisonment for a term of not more than one year, or both.

In order to comply with the Subpoena, you must produce documents **no later than 9:30 a.m., Friday, October 11, 2013.** You may contact me at (323) 965-4506 to discuss this matter further.

Very truly yours,

Sana Muttalib
Attorney, Enforcement Division

cc: John Berry
Regional Trial Counsel
Los Angeles Regional Office

cc: Victoria Levin
Assistant Regional Director, Enforcement Division
Los Angeles Regional Office

Exhibit 17 Page 279

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.**  Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.**  Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE





**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90036-3648

DIRECT DIAL: (323) 965-4506
FAX NUMBER: (323) 965-3392

October 4, 2013

<u>**VIA E-MAIL AND OVERNIGHT MAIL**</u>

Expectrum LLC
c/o Terry Johnson
6 Key Drive
Heath, Texas 75032

E-mail: twjohnson75@msn.com

Re:   <u>In the Matter of Janus Spectrum LLC (LA-4280)</u>

Dear Mr. Johnson:

I write in response to your letter dated September 25, 2013 communicating Expectrum LLC's objections to the Commission's subpoena dated August 26, 2013 ("Subpoena"). The Subpoena originally called for the production of documents by September 9, 2013. On September 4, 2013, you requested, and I agreed to, an extension of time to produce documents, until September 25, 2013 (an extension of over two weeks). This agreement was confirmed in my September 4, 2013 e-mail to you.

At no point between September 4 and September 24 did you contact me to discuss any concerns regarding the Subpoena or Expectrum LLC's production. In your September 25, 2013 letter, you requested that we give you the right to examine the issued complaint against you, grant you a pre-administrative hearing, and provide written responses to questions included in your letter. You outlined Expectrum LLC's objections to the Commission's Subpoena and indicated that Expectrum LLC will only comply with the requirements of the Subpoena after the Commission staff provides the requested information. In the alternative, your letter states that Expectrum LLC refuses to produce based on the First, Fourth, and Fifth Amendments.

As I explained in our telephone conversation on August 19, 2013, the Commission is conducting a non-public, fact-finding investigation. The investigation and the Subpoena do not mean that we have concluded that you or anyone else has broken the law. We are trying to determine whether there have been any violations of the federal securities laws. Accordingly, no complaint has been issued against you at this time and a pre-administrative hearing is inapplicable in this context.

Exhibit 17 Page 281

Expectrum LLC
October 4, 2013
Page 2

Pursuant to 17 C.F.R. §203.7, you may request a copy of the formal order of private investigation in this matter by sending a written request in the form of a letter. Your letter must be addressed to Victoria Levin, Assistant Regional Director at 5670 Wilshire Blvd, 11th Floor, Los Angeles, CA 90036. You may also e-mail a copy of the letter to me at Muttalibs@sec.gov and I will forward it to the attention of Ms. Levin. Your letter must make the following representations: (1) that you will only utilize the order in connection with the representation of Expectrum LLC in this investigation, and (2) that the order will not be furnished, in whole or in part, to any other person or entity.

This investigation is being conducted pursuant to a lawfully authorized legitimate purpose. Congress has vested the Commission with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984). It is well-settled that an administrative agency's investigative subpoenas will be judicially enforced if (i) its "investigation will be conducted pursuant to a legitimate purpose," (ii) the subpoena seeks information that "may be relevant to the purpose," (iii) "the information sought is not already within the [Commission's] possession," and (iv) all "administrative steps required … have been followed." United States v. Powell, 379 U.S. 48, 57-58, (1964) (enforcing IRS subpoena); see also SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 513-14 (10th Cir. 1980); United States v. Jose, 131 F. 3d 1325, 1327-28 (9th Cir. 1997) (quoting Powell).

The cases cited in your letter discussing the right to a pre-administrative hearing in cases requiring Fourteenth Amendment procedural due process when individual rights are violated or when an individual is wrongly deprived of personal property are inapposite. The Subpoena is lawfully authorized and your response is legally required. Furthermore, no legal action has been commenced here, nor has any final judgment regarding Expectrum LLC's rights been entered into in relation to this matter. Accordingly, the requirement that Expectrum LLC respond to the Subpoena does not result in any sort of unlawful deprivation of property or the violation of constitutional rights.

In your letter, you also indicated that you refused to produce documents based on Expectrum LLC's assertion of the First, Fourth, and Fifth Amendments. The First and Fourth Amendments do not excuse you from responding to the Subpoena. See Fisher v. United States, 425 U.S. 391, 401 n. 7 (U.S. 1976). The Fifth Amendment also does not excuse you from responding to the Subpoena because corporate entities do not have a Fifth Amendment right to avoid self-incrimination as "corporate records are not private and therefore not protected by the Fifth Amendment." Braswell v. United States, 487 U.S. 99, 109, 118 (1988); In re Grand Jury Subpoena Issued June 18, 2009, 539 F.3d 155, 157 (2d Cir. 2010).

Because we have not reached any agreement for an extension beyond September 25, 2013, and because Expectrum LLC has not produced any documents, please be advised that Expectrum LLC is currently not in compliance with the Subpoena. Expectrum LLC's failure to comply with the Subpoena will require the Commission staff to evaluate its remedies. You should be aware that it is within the Commission's authority to file a subpoena enforcement action against you in a United States District Court pursuant to Section 22(b) of the Securities

Exhibit 17 Page 282

Expectrum LLC
October 4, 2013
Page 3

Act of 1933 ("Securities Act") and Section 21(c) of the Securities Exchange Act of 1934
("Exchange Act").

You may also wish to consider that once a subpoena enforcement action is instituted, the otherwise non-public nature and existence of the investigation becomes a matter of public record.

Moreover, if the Commission is forced to institute judicial enforcement of the Subpoena and if Expectrum LLC refuses to produce documents and/or fails to appear for testimony, Section 22(b) of the Securities Act and Section 21(c) of the Exchange Act make it a misdemeanor to fail to obey Commission subpoenas without just cause. Upon conviction, the penalty may be a fine of not more than $1,000 or imprisonment for a term of not more than one year, or both.

In order to comply with the Subpoena, Expectrum LLC must produce documents **no later than 9:30 a.m., Friday, October 11, 2013.** You may contact me at (323) 965-4506 to discuss this matter further.

Very truly yours,

Sana Muttalib
Attorney, Enforcement Division

cc: John Berry
    Regional Trial Counsel
    Los Angeles Regional Office

cc: Victoria Levin
    Assistant Regional Director, Enforcement Division
    Los Angeles Regional Office

Exhibit 17 Page 283

UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.**  Select the
   Print button on the print dialog box that appears. Note: If your browser does not support this function
   select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible.
   Place the label on a single side of the package and cover it completely with clear plastic
   shipping tape. Do not cover any seams or closures on the package with the label.**  Place the
   label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic
   shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized
   retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip
   packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS
   Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS
   Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location
   nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE



SHIP TO:

ADRIANE WILLIAMS
(323) 965-3971
SBC/LOS ANGELES
5670 WILSHIRE BLVD
LOS ANGELES CA 90036

C/O TERRY JOHNSON
EXPECTRUM, LLC
6 KEY DRIVE

HEATH TX 75032-8973

0.0 LBS     LTR        1 OF 1

TX 751 9-04

UPS NEXT DAY AIR        1

TRACKING #: 1Z A37 5F9 01 9806 0109

BILLING: P/P

Reference #1: 66211

CS 15.6.12.     WNTB80 42.0A 07/2013



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**LOS ANGELES REGIONAL OFFICE**
11TH FLOOR
5670 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90036-3648

DIRECT DIAL: (323) 965-4506
FAX NUMBER: (323) 965-3392

October 4, 2013

**VIA E-MAIL AND OVERNIGHT MAIL**

Innovative Group
c/o Raymon Chadwick
539 Crossland Blvd.
Grand Prairie, TX 75052

E-mail: rchadwick20@gmail.com

       Re:    <u>In the Matter of Janus Spectrum LLC (LA-4280)</u>

Dear Mr. Chadwick:

       I write in response to your letter dated September 25, 2013 communicating Innovative Group's objections to the Commission's subpoena dated August 26, 2013 ("Subpoena"). The Subpoena originally called for the production of documents by September 9, 2013. On September 4, 2013, you requested, and I agreed to, an extension of time to produce documents, until September 25, 2013 (an extension of over two weeks). This agreement was confirmed in my September 4, 2013 e-mail to you.

       At no point between September 4 and September 24 did you contact me to discuss any concerns regarding the Subpoena or Innovative Group's production. In your September 25, 2013 letter, you requested that we give you the right to examine the issued complaint against you, grant you a pre-administrative hearing, and provide written responses to questions included in your letter. You outlined Innovative Group's objections to the Commission's Subpoena and indicated that Innovative Group will only comply with the requirements of the Subpoena after the Commission staff provides the requested information. In the alternative, your letter states that Innovative Group refuses to produce based on the First, Fourth, and Fifth Amendments.

       As I explained in our telephone conversation on August 1, 2013, the Commission is conducting a non-public, fact-finding investigation. The investigation and the Subpoena do not mean that we have concluded that you or anyone else has broken the law. We are trying to determine whether there have been any violations of the federal securities laws. Accordingly, no complaint has been issued against you at this time and a pre-administrative hearing is inapplicable in this context.

Exhibit 17 Page 285

Innovative Group
October 4, 2013
Page 2

complaint has been issued against you at this time and a pre-administrative hearing is inapplicable in this context.

Pursuant to 17 C.F.R. §203.7, you may request a copy of the formal order of private investigation in this matter by sending a written request in the form of a letter. Your letter must be addressed to Victoria Levin, Assistant Regional Director at 5670 Wilshire Blvd, 11ᵗʰ Floor, Los Angeles, CA 90036. You may also e-mail a copy of the letter to me at Muttalibs@sec.gov and I will forward it to the attention of Ms. Levin. Your letter must make the following representations: (1) that you will only utilize the order in connection with the representation of Innovative Group in this investigation, and (2) that the order will not be furnished, in whole or in part, to any other person or entity.

This investigation is being conducted pursuant to a lawfully authorized legitimate purpose. Congress has vested the Commission with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984). It is well-settled that an administrative agency's investigative subpoenas will be judicially enforced if (i) its "investigation will be conducted pursuant to a legitimate purpose," (ii) the subpoena seeks information that "may be relevant to the purpose," (iii) "the information sought is not already within the [Commission's] possession," and (iv) all "administrative steps required … have been followed." United States v. Powell, 379 U.S. 48, 57-58, (1964) (enforcing IRS subpoena); see also SEC v. Blackfoot Bituminous, Inc., 622 F.2d 512, 513-14 (10th Cir. 1980); United States v. Jose, 131 F. 3d 1325, 1327-28 (9th Cir. 1997) (quoting Powell).

The cases cited in your letter discussing the right to a pre-administrative hearing in cases requiring Fourteenth Amendment procedural due process when individual rights are violated or when an individual is wrongly deprived of personal property are inapposite. The Subpoena is lawfully authorized and your response is legally required. Furthermore, no legal action has been commenced here, nor has any final judgment regarding Innovative Group's rights been entered into in relation to this matter. Accordingly, the requirement that Innovative Group respond to the Subpoena does not result in any sort of unlawful deprivation of property or the violation of constitutional rights.

In your letter, you also indicated that you refused to produce documents based on Innovative Group's assertion of the First, Fourth, and Fifth Amendments. The First and Fourth Amendments do not excuse you from responding to the Subpoena. See Fisher v. United States, 425 U.S. 391, 401 n. 7 (U.S. 1976). The Fifth Amendment also does not excuse you from responding to the Subpoena because corporate entities do not have a Fifth Amendment right to avoid self-incrimination as "corporate records are not private and therefore not protected by the Fifth Amendment." Braswell v. United States, 487 U.S. 99, 109, 118 (1988); In re Grand Jury Subpoena Issued June 18, 2009, 539 F.3d 155, 157 (2d Cir. 2010).

Because we have not reached any agreement for an extension beyond September 25, 2013, and because Innovative Group has not produced any documents, please be advised that Innovative Group is currently not in compliance with the Subpoena. Innovative Group's failure

Exhibit 17 Page 286

Innovative Group
October 4, 2013
Page 3

to comply with the Subpoena will require the Commission staff to evaluate its remedies.  You should be aware that it is within the Commission's authority to file a subpoena enforcement action against you in a United States District Court pursuant to Section 22(b) of the Securities Act of 1933 ("Securities Act") and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act").

You may also wish to consider that once a subpoena enforcement action is instituted, the otherwise non-public nature and existence of the investigation becomes a matter of public record.

Moreover, if the Commission is forced to institute judicial enforcement of the Subpoena and if Innovative Group refuses to produce documents and/or fails to appear for testimony, Section 22(b) of the Securities Act and Section 21(c) of the Exchange Act make it a misdemeanor to fail to obey Commission subpoenas without just cause.  Upon conviction, the penalty may be a fine of not more than $1,000 or imprisonment for a term of not more than one year, or both.

In order to comply with the Subpoena, Innovative Group must produce documents **no later than 9:30 a.m., Friday, October 11, 2013.**  You may contact me at (323) 965-4506 to discuss this matter further.

Very truly yours,

Sana Muttalib
Attorney, Enforcement Division

cc:  John Berry
     Regional Trial Counsel
     Los Angeles Regional Office

cc:  Victoria Levin
     Assistant Regional Director, Enforcement Division
     Los Angeles Regional Office

Exhibit 17 Page 287

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.**   Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed sheet containing the label at the line so that the entire shipping label is visible. Place the label on a single side of the package and cover it completely with clear plastic shipping tape. Do not cover any seams or closures on the package with the label.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**

   **UPS locations include the UPS Store®, UPS drop boxes, UPS customer centers, authorized retail outlets and UPS drivers.**
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE

