**Bobby Jones**
**1831 E. Donner Dr.**
**Phoenix, Arizona  85042**
**602-69▮**

October 9, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor          **FEDERAL EXPRESS – 8030-4155-8490**
Los Angeles, California 90036-3648              **SIGNATURE RECEIPT REQUESTED**
323-965-4506

Re:  **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280)**

Dear Ms. Muttalib:

This is my letter of response to your reply letter dated October 4, 2013 in regards to the matter of

Janus Spectrum LLC.

Again, any records or information I may give up will be under protest and duress unless

you allow me the right to examine the issued complaint against me, provide my right to a pre-

administrative hearing, your written answers to the questions below and make them available to

me in writing prior to the subpoena duces tecum compliance.

In your letter, you stated that there is a 4-point test to enforce a subpoena of an individual

who is not a part of your investigation.  Please supply me with three (3) parts of that test and

your response to the additional information request to the S.E.C., that follows:

1.) What is the purpose of the investigation?

2.) Are the documents relevant to the purpose?

3.) Prove that all administrative steps have been followed?

4.) We demand to know who or what caused the basis for an S.E.C. investigation?

5.) What exact information was given to the S.E.C. that caused an investigation?

1

Exhibit 18 Page 289

6.) What was the source of the information given to the S.E.C.?

7.) Explain why all relevant information given to the S.E.C. did not satisfy your investigation?

8.) Can your agency legally assist a private entity obtain information and/or documents?

9.) Does Smartcomm have an involvement with this investigation?

10.) What is the involvement of Smartcomm in this investigation?

11.) Who is the contact person with Smartcomm of which the S.E.C. can communicate?

12.) Explain the relevancy and materiality of the documents requested in your Subpoena to the basis of the investigation?

13.)      Explain how your agency can conduct an investigation when there is no evidence or reasonable suspicion of wrongdoing or violation of the law and where no complaint exists.

14.)      What reasonable suspicion or evidence does your agency have that there is some violation of Securities Law?

15.)      What was the date that you took, your "Oath of Office" as required by the United States Constitution and Federal Statute? If you have not taken your Oath of Office, you may be guilty of Simulating a Legal Process by your issuance of the Subpoena.

16.)      What law allows the S.E.C. the right to request information not relevant or material from an individual who is not a part of your investigation, without proper due process of a pre-administrative hearing?

2

Exhibit 18 Page 290

17.)    What is the S.E.C.'s civil exclusionary rule of interpretation and construction of "relevant" and" material" information of an individual that is not a party of your investigation?

18.)    Why have you not complied with the nine (9) procedural requirements of the previous letter dated September 6 2013?

Respectfully submitted,

Bobby Jones

Attachment: Letter dated 10/4/2013

cc: John Berry
    Regional Trial Counsel
    Los Angeles Regional Office

cc: Victoria Levin
    Assistant Regional Director, Enforcement Division
    Los Angeles Regional Office

3

Exhibit 18 Page 291

**Raymon Chadwick**
**539 Crossland Blvd.**
**Grand Prairie, Texas 75052**
**214-394-2697**

October 9, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor                    **CERTIFIED MAIL –**
Los Angeles, California 90036-3648                **RETURN RECEIPT REQUESTED**
323-965-4506

Re: **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280)**

Dear Ms. Muttalib:

This is my letter of response to your reply letter dated October 4, 2013 in regards to the matter of

Janus Spectrum LLC.

      Again, any records or information I may give up will be under protest and duress unless

you allow me the right to examine the issued complaint against me, provide my right to a pre-

administrative hearing, your written answers to the questions below and make them available to

me in writing prior to the subpoena duces tecum compliance.

      In your letter, you stated that there is a 4-point test to enforce a subpoena of an individual

who is not a part of your investigation.  Please supply me with three (3) parts of that test and

your response to the additional information request to the S.E.C.that follows:

        1.) What is the purpose of the investigation?

        2.) Are the documents relevant to the purpose?

        3.) Prove that all administrative steps have been followed?

        4.) We demand to know who or what caused the basis for an S.E.C. investigation?

        5.) What exact information was given to the S.E.C. that caused an investigation?

1

Exhibit 18 Page 292

6.) What was the source of the information given to the S.E.C.?

7.) Explain why all relevant information given to the S.E.C. did not satisfy your investigation?

8.) Can your agency legally assist a private entity obtain information and/or documents?

9.) Does Smartcomm have an involvement with this investigation?

10.) What is the involvement of Smartcomm in this investigation?

11.) Who is the contact person with Smartcomm of which the S.E.C. can communicate?

12.) Explain the relevancy and materiality of the documents requested in your Subpoena to the basis of the investigation?

13.)       Explain how your agency can conduct an investigation when there is no evidence or reasonable suspicion of wrongdoing or violation of the law and where no complaint exists.

14.)       What reasonable suspicion or evidence does your agency have that there is some violation of Securities Law?

15.)       What was the date that you took, your "Oath of Office" as required by the United States Constitution and Federal Statute?  If you have not taken your Oath of Office, you may be guilty of Simulating a Legal Process by your issuance of the Subpoena.

16.)       What law allows the S.E.C. the right to request information not relevant or material from an individual who is not a part of your investigation, without proper due process of a pre-administrative hearing?

2

Exhibit 18 Page 293

17.)     What is the S.E.C.'s civil exclusionary rule of interpretation and

construction of "relevant" and" material" information of an individual that is not a

party of your investigation?

18.)     Why have you not complied with the nine (9) procedural requirements of

the previous letter dated September 6 2013?

Respectfully submitted,

Raymon Chadwick

Attachment: Letter dated 10/4/2013

cc: John Berry
    Regional Trial Counsel
    Los Angeles Regional Office

cc: Victoria Levin
    Assistant Regional Director, Enforcement Division
    Los Angeles Regional Office

3

Exhibit 18 Page 294

**Innovative Group**
**(a 1st and 14th Private Membership Association)**
**539 Crossland Blvd.**
**Grand Prairie, Texas 75052**
**214-394-2697**

October 9, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd.  11th Floor                         **CERTIFIED MAIL –**
Los Angeles, California 90036-3648                 **RETURN RECEIPT REQUESTED**
323-965-4506

Re:  **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280)**

Dear Ms. Muttalib:

This is the Innovative Group, a 1st and 14th Amendment private financial associations'
response to your letter dated October 4, 2013 in regards to the matter of Janus Spectrum LLC.

A First and Fourteenth Amendment private membership association rights, of free speech and
free association are fundamental and highly prized, and 'need breathing space to survive.'
N.A.A.C.P. v. Button, 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405.

'Freedoms such as these are protected not only against heavy-handed frontal attack, but also
from being stifled by more subtle governmental interference,' and, as declared in N.A.A.C.P. v.
Alabama, 357 U.S., at 462, 78 S.Ct., at 1171,

In both the Bates v. Little Rock, 361 U.S., and N.A.A.C.P. v. Alabama, supra, cases this
Court held N.A.A.C.P. membership lists of the very type here in question to be beyond the States
power of discovery in the circumstances there presented.

Again, any records or information the private association may give up will be under
protest and duress unless you allow the association the right to examine the issued complaint
against the private association, provide us our right to a pre-administrative hearing, furnish your
written answers to the questions below and, make them available to me in writing prior to the
subpoena duces tecum compliance.

Exhibit 18 Page 295

In your letter, you stated that there is a 4-point test to enforce a subpoena of an individual who is not a part of your investigation. Please supply me with three (3) parts of that test and your response to the additional information request to the S.E.C. that follows:

1.) What is the purpose of the investigation?

2.) Are the documents relevant to the purpose?

3.) Prove that all administrative steps have been followed?

4.) We demand to know who or what caused the basis for an S.E.C. investigation?

5.) What exact information was given to the S.E.C. that caused an investigation?

6.) What was the source of the information given to the S.E.C.?

7.) Explain why all relevant information given to the S.E.C. did not satisfy your investigation?

8.) Can your agency legally assist a private entity obtain information and/or documents?

9.) Does Smartcomm have an involvement with this investigation?

10.) What is the involvement of Smartcomm in this investigation?

11.) Who is the contact person with Smartcomm of which the S.E.C. can communicate?

12.) Explain the relevancy and materiality of the documents requested in your Subpoena to the basis of the investigation?

13.)      Explain how your agency can conduct an investigation when there is no evidence or reasonable suspicion of wrongdoing or violation of the law and where no complaint exists.

Exhibit 18 Page 296

14.)     What reasonable suspicion or evidence does your agency have that there is some violation of Securities Law?

15.)     What was the date that you took, your "Oath of Office" as required by the United States Constitution and Federal Statute? If you have not taken your Oath of Office, you may be guilty of Simulating a Legal Process by your issuance of the Subpoena.

16.)     What law allows the S.E.C. the right to request information not relevant or material from an individual who is not a part of your investigation, without proper due process of a pre-administrative hearing?

17.)     What is the S.E.C.'s civil exclusionary rule of interpretation and construction of "relevant" and" material" information of an individual that is not a party of your investigation?

18.)     Why have you not complied with the nine (9) procedural requirements of the previous letter dated September 6 2013?

This letter is also our official notice to your agency concerning our First and Fourteenth Amendment Private Membership Financial Association. This association only contracts with private members only in the private domain. The U.S. Supreme Court has mandated and ruled in numerous cases that there exists a public domain and a private domain in the Unites States. Again, our private association and members have decided to operate also in the private domain only under the liberty clause of the right to due process of law under the Fifth Amendment of the U.S. Constitution.

For instance, as in N.A.A.C.P. v. Button, supra, in the public domain, a person who advises another that his legal rights have been infringed and refers him to a particular attorney has committed a *mala prohibita* felony crime in the State of Virginia, but in the private domain of a First Amendment legal membership association, the court decision states, "…in the domain of these indispensable liberties, whether of…association, the decisions of this Court recognize

Page **3** of **8**

Exhibit 18 Page 297

that abridgment of such rights." N.A.A.C.P. v. Button, supra at 421. The "modes of…association protected by the First and Fourteenth (are modes) which Virginia may not prohibit. N.A.A.C.P. v. Button, supra at 415. In other words, a private mode or domain is protected and is a different domain than a public domain. What was a *mala prohibita* felony criminal act in the public domain became a legally protected act in the private domain or private association. However, a *mala in se* crime is not legally protected in the private domain or private association.

Also, the private domain is referred to as a "sanctuary from unjustified interference by the State" in Pierce v. Society of Sisters, 268 U.S. 510 at 534-535, and as a "constitutional shelter" in Roberts v. United States, 82 L.Ed.2d 462 at 472, and again, as a "shield" in Roberts v. United States, supra at 474.

In addition, the U.S. Supreme Court in Thomas v. Collins, 323 U.S. 516 at 531, specifically refers to the "Domains set apart…for free assembly." The First Amendment right to association creates a "preserve" in Baird v. Arizona, 401 U.S. 1. The private domain of an association is a sanctuary, constitutional shelter, shield, and domain set apart and a preserve according to a number of U.S. Supreme Court decisions.

Please be informed that The Innovative Group is a 1st and 14th Amendment private membership financial association that only has private contract members and does not involve public persons in any manner.

Your Agency and others do not have jurisdiction or authority to even investigate our private association unless you have some reasonable suspicion or evidence that our private members are being subjected to a clear and present danger of substantive evil within our private association. We assure you that our private members are not being harmed in any manner.

Your mandate from the Federal Legislature is only to protect the public, not private members. Our right to set up a 1st and 14th Amendment private membership financial association and the public member's right to change himself or herself into a legal private contract member of our association has been upheld by numerous U.S. Supreme Court decisions.

The First and Fourteenth Amendment rights of free speech and free association are fundamental and highly prized, and 'need breathing space to survive.' N.A.A.C.P. v. Button, supra. 'Freedoms such as these are protected not only against heavy-handed frontal attack, but also from being stifled by more subtle governmental interference.' Bates v. Little Rock, supra,

Exhibit 18 Page 298

and, as declared in N.A.A.C.P. v. Alabama, supra, 'It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute (an) * * * effective * * * restraint on freedom of association * * *. This Court has recognized the vital relationship between freedom to associate and privacy in one's associations. * * * Inviolability of privacy in-group association may in many circumstances be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs.' "So it is here." Gibson v. Florida Investigations Committee, 372 U.S. 539. "In NAACP v. Alabama, ex rel. Patterson, 357 U.S. 449, 461, 78 S.Ct. 1163, 1171, 2 L.Ed.2d 1488, we said, 'In the domain of these indispensable liberties, whether of speech, press, or association, the decisions of this Court recognize that abridgment of such rights, even though unintended, may inevitably follow from varied forms of governmental action.' ....... Most recently, in Louisiana ex rel. Gremillion v. NAACP, 366 U.S. 293, 297, 81 S.Ct. 1333, 1336, 6 L.Ed.2d 301, we reaffirmed this principle, regulatory measures no matter how sophisticated, cannot be employed in purpose or in effect to stifle, penalize, or curb the exercise of First Amendment rights.' "...bad faith and harassing prosecutions also encompass those prosecutions that are intended to retaliate for or discourage the exercise of constitutional rights."PHE, Inc. v. U.S. Dept. of Justice, 743 F.Supp. 15.

    In addition, you are hereby put on notice that any interference with our private association activities may result in a Federal Civil and Constitutional Rights lawsuit under Title 42 U.S.C. § 1983 by suing the persons involved in their "individual capacities" under Hafer v. Melo, 502 U.S. 25.

    Pursuant to your subpoena request of membership records, documents and records are beyond the States' power of discovery:

    In Gibson v. Florida Investigations Committee, 372 U.S. 539, the petitioner's refusal to produce his organization's membership lists was based on the ground that to bring the lists to the hearing and to utilize them as the basis of his testimony would interfere with the free exercise of Fourteenth Amendment associational rights of members and prospective members of the N.A.A.C.P., as was said in N.A.A.C.P. v. Alabama, 357 U.S. 449, 2 L.Ed2d 1488, 78 S.Ct. 1163, 'It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the

Exhibit 18 Page 299

Fourteenth Amendment, which embraces freedom of speech.' 357 U.S., at 460, 78 S.Ct., at 1171. And it is equally clear that the guarantee encompasses protection of privacy of association in organizations such as that of which the petitioner is president; indeed, in both the Bates and Alabama cases, supra, this Court held N.A.A.C.P. membership lists of the very type here in question to be beyond the States' power of discovery in the circumstances there presented.

If your agency decides to defy the Supreme Law of the Land and U.S. Supreme Court as was done did in the case of Cooper v. Aaron, 358 U.S. 1. In Cooper v. Aaron, supra, the U.S. Supreme Court stated that,

> 'It follows that the interpretation of the Fourteenth Amendment enunciated by this Court...is the supreme law of the land and Art. 6 of the Constitution makes it of binding effect on the States "anything in the Constitution or Laws of any State to the contrary notwithstanding."'

> "Every state legislator and executive and judicial officer is solemnly committed by oath pursuant to Art. 6, cl. 3 to support this Constitution."

> "No state legislator or executive or judicial officer can war against the Constitution without violating his (or her) undertaking to support it."
> The same principles also apply to federal.

Again, the U.S. Supreme Court has upheld First and Fourteenth Amendment association rights.
> "This Court has repeatedly held that rights of association are within the ambit of the constitutional protections afforded by the First and Fourteenth Amendments. NAACP v. Alabama, 357 U.S. 449, 2 L.Ed2d 1488, 78 S.Ct. 1163; Bates v. Little Rock, 361 U.S. 516, 4 L.Ed.2d 480, 80 S.Ct. 412; Shelton v. Tucker, 364 U.S. 479, 5 L.Ed.2d 231, 81 S.Ct. 247; NAACP v. Button, 371 U.S. 415, 9 L.Ed.2d 405, 83 S.Ct. 328. The respondent Committee does not contend otherwise, nor hold it, for, as was said in NAACP v. Alabama, (US) supra, 'It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is

an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech.'" 357 U.S., at 460. Gibson v. Florida Investigation Committee, 9 L.Ed.2d 929.

Although most of these U.S. Supreme cases dealt with private legal membership associations, we know that this principle applies to private financial membership associations. In United Mine Workers v. Illinois State Bar Assoc., 389 U.S. 217, a private association case, the court stated that,

"And the rights of free speech and a free press are not confined to any field of human interest." Thomas v. Collins, 323 U.S. 516 at 531, 65 S.Ct. 315, 89 L.Ed. at 441."

'It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the "liberty" assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech.' 357 U.S. at 460. Gibson v. Florida Investigation Committee, supra.

"It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single guaranty with the rights of the people peaceably to assemble and to petition for redress of grievances. All these, though not identical, are inseparable. They are cognate rights, cf. De Jonge v. Oregon, 299 U.S. 353, 364, 81 L.Ed. 278, 282, 57 S.Ct. 255, and therefore are united in the First Article's assurance. Cf. 1 Annals of Congress, 759, 760. Thomas v. Collins, supra.

It is evident that free speech and association rights are similarly treated as the same. If your agency allows free speech, then it must allow freedom of association concerning this field of human interest.

Exhibit 18 Page 301

Our intent is to operate under our First and Fourteenth Amendment private membership financial association to private members only, unless you furnish us legal and valid objections to same within ten (10) days from the receipt of this letter.

Therefore, your agency must immediately cease and desist in their investigation of Innovative Group and your subpoena is illegal and void because you lack jurisdiction, authority and legal standing involving a 1st and 14th Amendment Private Membership Association protected by the U.S. Supreme Court.

Respectfully submitted,

**Innovative Group**
**(a 1st and 14th Private Membership Association)**

by *Raymon Chadwick* TRUSTEE
Raymon Chadwick, Trustee

Attachment: Letter dated 10/4/2013

cc: John Berry
Regional Trial Counsel
Los Angeles Regional Office

cc: Victoria Levin
Assistant Regional Director, Enforcement Division
Los Angeles Regional Office

Exhibit 18 Page 302

**Redwater Funding Group LLC**
**539 Crossland Blvd.**
**Grand Prairie, Texas 75052**
**214-394-2697**

October 9, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor                    **CERTIFIED MAIL –**
Los Angeles, California 90036-3648               **RETURN RECEIPT REQUESTED**
323-965-4506

Re:  **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280)**

Dear Ms. Muttalib:

This is my letter of response to your reply letter dated October 4, 2013 in regards to the matter of

Janus Spectrum LLC.

    Again, any records or information I may give up will be under protest and duress unless

you allow me the right to examine the issued complaint against me, provide my right to a pre-

administrative hearing, your written answers to the questions below and make them available to

me in writing prior to the subpoena duces tecum compliance.

    In your letter, you stated that there is a 4-point test to enforce a subpoena of an individual

who is not a part of your investigation.  Please supply me with three (3) parts of that test and

your response to the additional information request to the S.E.C., that follows:

        1.) What is the purpose of the investigation?

        2.) Are the documents relevant to the purpose?

        3.) Prove that all administrative steps have been followed?

        4.) We demand to know who or what caused the basis for an S.E.C. investigation?

        5.) What exact information was given to the S.E.C. that caused an investigation?

1

Exhibit 18 Page 303

6.) What was the source of the information given to the S.E.C.?

7.) Explain why all relevant information given to the S.E.C. did not satisfy your investigation?

8.) Can your agency legally assist a private entity obtain information and/or documents?

9.) Does Smartcomm have an involvement with this investigation?

10.) What is the involvement of Smartcomm in this investigation?

11.) Who is the contact person with Smartcomm of which the S.E.C. can communicate?

12.) Explain the relevancy and materiality of the documents requested in your Subpoena to the basis of the investigation?

13.)      Explain how your agency can conduct an investigation when there is no evidence or reasonable suspicion of wrongdoing or violation of the law and where no complaint exists.

14.)      What reasonable suspicion or evidence does your agency have that there is some violation of Securities Law?

15.)      What was the date that you took, your "Oath of Office" as required by the United States Constitution and Federal Statute?  If you have not taken your Oath of Office, you may be guilty of Simulating a Legal Process by your issuance of the Subpoena.

16.)      What law allows the S.E.C. the right to request information not relevant or material from an individual who is not a part of your investigation, without proper due process of a pre-administrative hearing?

2

Exhibit 18 Page 304

17.)      What is the S.E.C.'s civil exclusionary rule of interpretation and

construction of "relevant" and" material" information of an individual that is not a

party of your investigation?

18.)      Why have you not complied with the nine (9) procedural requirements of

the previous letter dated September 6 2013?

Respectfully submitted,

**Redwater Funding Group LLC**

by *Raymon Chadwick*
Raymon Chadwick

Attachment: Letter dated 10/4/2013

cc: John Berry
    Regional Trial Counsel
    Los Angeles Regional Office

cc: Victoria Levin
    Assistant Regional Director, Enforcement Division
    Los Angeles Regional Office

3

Exhibit 18 Page 305

**Terry Johnson**
**6 Key Drive**
**Heath, Texas 75032**
**(469) 323-1275**


October 9, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor          **CERTIFIED MAIL –**
Los Angeles, California 90036-3648          **RETURN RECEIPT REQUESTED**
323-965-4506

Re: **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280)**

Dear Ms. Muttalib:

This is my letter of response to your reply letter dated October 4, 2013 in regards to the matter of

Janus Spectrum LLC.

Again, any records or information I may give up will be under protest and duress unless

you allow me the right to examine the issued complaint against me, provide my right to a pre-

administrative hearing, your written answers to the questions below and make them available to

me in writing prior to the subpoena duces tecum compliance.

In your letter, you stated that there is a 4-point test to enforce a subpoena of an individual

who is not a part of your investigation. Please supply me with three (3) parts of that test and

your response to the additional information request to the S.E.C. that follows:

1.) What is the purpose of the investigation?

2.) Are the documents relevant to the purpose?

3.) Prove that all administrative steps have been followed?

4.) We demand to know who or what caused the basis for an S.E.C. investigation?

1

Exhibit 18 Page 306

5.) What exact information was given to the S.E.C. that caused an investigation?

6.) What was the source of the information given to the S.E.C.?

7.) Explain why all relevant information given to the S.E.C. did not satisfy your investigation?

8.) Can your agency legally assist a private entity obtain information and/or documents?

9.) Does Smartcomm have an involvement with this investigation?

10.) What is the involvement of Smartcomm in this investigation?

11.) Who is the contact person with Smartcomm of which the S.E.C. can communicate?

12.) Explain the relevancy and materiality of the documents requested in your Subpoena to the basis of the investigation?

13.)    Explain how your agency can conduct an investigation when there is no evidence or reasonable suspicion of wrongdoing or violation of the law and where no complaint exists.

14.)    What reasonable suspicion or evidence does your agency have that there is some violation of Securities Law?

15.)    What was the date that you took, your "Oath of Office" as required by the United States Constitution and Federal Statute?  If you have not taken your Oath of Office, you may be guilty of Simulating a Legal Process by your issuance of the Subpoena.

2

Exhibit 18 Page 307

16.)     What law allows the S.E.C. the right to request information not relevant or material from an individual who is not a part of your investigation, without proper due process of a pre-administrative hearing?

17.)     What is the S.E.C.'s civil exclusionary rule of interpretation and construction of "relevant" and" material" information of an individual that is not a party of your investigation?

18.)     Why have you not complied with the nine (9) procedural requirements of the previous letter dated September 6 2013?

Respectfully submitted,

Terry Johnson

Attachment: Letter dated 10/4/2013

cc: John Berry
Regional Trial Counsel
Los Angeles Regional Office

cc: Victoria Levin
Assistant Regional Director, Enforcement Division
Los Angeles Regional Office

3

Exhibit 18 Page 308

**Expectrum LLC**
**6 Key Drive**
**Heath, Texas 75032**
**(469) 323-1275**

October 9, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd. 11th Floor                              **CERTIFIED MAIL –**
Los Angeles, California 90036-3648                   **RETURN RECEIPT REQUESTED**
323-965-4506

Re:  **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280)**

Dear Ms. Muttalib:

This is my letter of response to your reply letter dated October 4, 2013 in regards to the matter of

Janus Spectrum LLC.

Again, any records or information I may give up will be under protest and duress unless

you allow me the right to examine the issued complaint against me, provide my right to a pre-

administrative hearing, your written answers to the questions below and make them available to

me in writing prior to the subpoena duces tecum compliance.

In your letter, you stated that there is a 4-point test to enforce a subpoena of an individual

who is not a part of your investigation.  Please supply me with three (3) parts of that test and

your response to the additional information request to the S.E.C. that follows:

1.) What is the purpose of the investigation?

2.) Are the documents relevant to the purpose?

3.) Prove that all administrative steps have been followed?

4.) We demand to know who or what caused the basis for an S.E.C. investigation?

1

Exhibit 18 Page 309

5.) What exact information was given to the S.E.C. that caused an investigation?

6.) What was the source of the information given to the S.E.C.?

7.) Explain why all relevant information given to the S.E.C. did not satisfy your investigation?

8.) Can your agency legally assist a private entity obtain information and/or documents?

9.) Does Smartcomm have an involvement with this investigation?

10.) What is the involvement of Smartcomm in this investigation?

11.) Who is the contact person with Smartcomm of which the S.E.C. can communicate?

12.) Explain the relevancy and materiality of the documents requested in your Subpoena to the basis of the investigation?

13.) Explain how your agency can conduct an investigation when there is no evidence or reasonable suspicion of wrongdoing or violation of the law and where no complaint exists.

14.) What reasonable suspicion or evidence does your agency have that there is some violation of Securities Law?

15.) What was the date that you took, your "Oath of Office" as required by the United States Constitution and Federal Statute?  If you have not taken your Oath of Office, you may be guilty of Simulating a Legal Process by your issuance of the Subpoena.

2

Exhibit 18 Page 310

16.)     What law allows the S.E.C. the right to request information not relevant or

material from an individual who is not a part of your investigation, without proper

due process of a pre-administrative hearing?

17.)     What is the S.E.C.'s civil exclusionary rule of interpretation and

construction of "relevant" and" material" information of an individual that is not a

party of your investigation?

18.)     Why have you not complied with the nine (9) procedural requirements of

the previous letter dated September 6 2013?


Respectfully submitted,

**EXPECTRUM LLC**

by _____
Terry Johnson

Attachment: Letter dated 10/4/2013

cc: John Berry
Regional Trial Counsel
Los Angeles Regional Office

cc: Victoria Levin
Assistant Regional Director, Enforcement Division
Los Angeles Regional Office

Exhibit 18 Page 311

**Bobby Jones**
**1831 E. Donner Dr.**
**Phoenix, Arizona  85042**
**602-69**█

October 9, 2013

United States Securities and
Exchange Commission
Sana Muttalib, Attorney, Enforcement Division
5670 Wilshire Blvd.  11th Floor          **FEDERAL EXPRESS – 8030-4155-8490**
Los Angeles, California 90036-3648          **SIGNATURE RECEIPT REQUESTED**
323-965-4506

Re: **IN THE MATTER OF JANUS SPECTRUM LLC. (LA-04280)**

Dear Ms. Muttalib:

This is my letter of response to your reply letter dated October 4, 2013 in regards to the matter of

Janus Spectrum LLC.

Again, any records or information I may give up will be under protest and duress unless

you allow me the right to examine the issued complaint against me, provide my right to a pre-

administrative hearing, your written answers to the questions below and make them available to

me in writing prior to the subpoena duces tecum compliance.

In your letter, you stated that there is a 4-point test to enforce a subpoena of an individual

who is not a part of your investigation.  Please supply me with three (3) parts of that test and

your response to the additional information request to the S.E.C., that follows:

1.) What is the purpose of the investigation?

2.) Are the documents relevant to the purpose?

3.) Prove that all administrative steps have been followed?

4.) We demand to know who or what caused the basis for an S.E.C. investigation?

5.) What exact information was given to the S.E.C. that caused an investigation?

1

Exhibit 18 Page 312

6.) What was the source of the information given to the S.E.C.?

7.) Explain why all relevant information given to the S.E.C. did not satisfy your investigation?

8.) Can your agency legally assist a private entity obtain information and/or documents?

9.) Does Smartcomm have an involvement with this investigation?

10.) What is the involvement of Smartcomm in this investigation?

11.) Who is the contact person with Smartcomm of which the S.E.C. can communicate?

12.) Explain the relevancy and materiality of the documents requested in your Subpoena to the basis of the investigation?

13.)     Explain how your agency can conduct an investigation when there is no evidence or reasonable suspicion of wrongdoing or violation of the law and where no complaint exists.

14.)     What reasonable suspicion or evidence does your agency have that there is some violation of Securities Law?

15.)     What was the date that you took, your "Oath of Office" as required by the United States Constitution and Federal Statute? If you have not taken your Oath of Office, you may be guilty of Simulating a Legal Process by your issuance of the Subpoena.

16.)     What law allows the S.E.C. the right to request information not relevant or material from an individual who is not a part of your investigation, without proper due process of a pre-administrative hearing?

2

Exhibit 18 Page 313

17.)      What is the S.E.C.'s civil exclusionary rule of interpretation and construction of "relevant" and" material" information of an individual that is not a party of your investigation?

18.)      Why have you not complied with the nine (9) procedural requirements of the previous letter dated September 6 2013?

Respectfully submitted,

Bobby Jones

Attachment: Letter dated 10/4/2013

cc: John Berry
    Regional Trial Counsel
    Los Angeles Regional Office

cc: Victoria Levin
    Assistant Regional Director, Enforcement Division
    Los Angeles Regional Office

3

Exhibit 18 Page 314