FILED
CLERK, U.S. DISTRICT COURT

NOV 19, 2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CC_____ DEPUTY

1 | Redwater Funding Group, LLC, Pro se
2 | c/oRaymon Chadwick
   | 539 Crossland Boulevard
3 | Grand Prairie, Texas  75052
   | email:  rchadwick20@gmail.com

4

5 | **UNITED STATES DISTRICT COURT**

6 | **CENTRAL DISTRICT OF CALIFORNIA**

7 | IN THE MATTER OF AN                    ) **NO. CV13-08314-DDP (Ex)**
8 | APPLICATION TO ENFORCE
   | ADMINISTRATIVE SUBPOENAS OF )
9 | THE                                    ) **RESPONDENT'S MOTION TO QUASH**
   |                                        ) **AN ORDER TO SHOW CAUSE**
10 | SECURITIES AND EXCHANGE               )
11 | COMMISSION,                           )
   |                                        )
12 |        Applicant,                      )
13 | v.                                     )
14 | BOBBY JONES, RAYMON                    )
15 | CHADWICK, TERRY JOHNSON,               )
   | REDWATER FUNDING GROUP,                )
16 | LLC, REDWATER FUNDING                  )
   | GROUP, LLC AND EXPECTRUM,              )
17 | LLC,                                   )
18 |                                        )
   |                                        )
19 |        Respondents.

20

21 | NOW COMES the Defendant Redwater Funding Group, LLC to file this

22 | Respondent's Motion to Quash an Order to Show Cause and would show the Court

23 | the following, to wit:

24

25 | It has come to Respondent's attention that at least one (1) member of the

26 | United States Securities and Exchange Commission (hereinafter referred to as

"Commission Member") has not taken and filed a timely Oath of Office concerning this legal action.

Luis A. Aguilar filed an Oath of Office on June 30, 2008 but the only signed Affidavit states that, "...the remainder of the term expiring June 5, 2010" remains on the Board. (See Exhibit "A".) If even one (1) member of the Commission has not taken and filed his Oath of Office, the entire Board of Commissioners are without jurisdiction, authority or legal standing to authorize any SEC legal counsel to file an Application for an Order to Show Cause, etc. with any Court because the entire Board is tainted. Said Show Cause Order would be a violation of this Respondent's due process of law under the 5th Amendment of the U.S. Constitution.

This means at least one (1) member of the United States Securities and Exchange Commission does not have any authority or jurisdiction to sit on behalf of the Board. It is a necessary condition precedent to the exercise of authority as a Commission Member. The oath solemnizes the appointment and sensitizes the appointed person to the obligations and limitations of the office. Additionally, it formalizes the appointment and works as an official notification that the person representing an agency of the United States Securities and Exchange Commission is a prosecuting authority and binds that branch of government to the acts of the

appointed individual.  The oath is evidence as an agent of the agency.  <u>U.S. v. Pignatiello</u>, 582 F.Supp. 251.

The United States Securities and Exchange Commission arbitrarily and capriciously violated its own rules regulations and procedures in the investigation and prosecution of Respondent.  The legal principle is that in administrative proceedings, "...an agency of the government must scrupulously observe rules, regulations or procedures which it has established. When it fails to do so, its action cannot stand and the courts will strike it down". *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 98L.Ed.681; *United States v. Heffner,* 420 F.2d 809; *Service v. Dulles*, 1 L.Ed.2d 1403; *Nelson v. I.N.S.,* 232 F.3d 258.

"Every state legislator and executive and judicial officer is solemnly committed by oath taken pursuant to Art 6, cl 3 'to support this Constitution.'" *Cooper v. Aarron*, 358 US 1; 3 L.Ed. 5, 78 S.Ct. 1401.  It cannot be said too often that the U.S. Constitution, Federal Statute, the courts and the law demand that a judicial officer take an Oath of Office and/or Statement of Officer and file the same with the designated depository <u>before entering upon the duties of office</u> as follows:

The U.S. Constitution, Art. VI, cl. 3, states that,

> "....all executive and judicial officers...of the several states, shall be bound by Oath of Affirmation, to support this Constitution..."

"Every state....executive and judicial officer is solemnly committed by oath taken pursuant to Art. VI, cl. 3 to support his Constitution." <u>Cooper v. Aaron</u>, 358 US 1. The first step in supporting the U.S. Constitution is taking the Oath of Office.

The Federal Statute or Code, Title 4 USC § 101 states that,

"....every executive and judicial officer of a State, shall before he (she) proceeds to execute the duties of his (her) office, take an oath in the following form, to wit:

'I AB do solemnly swear that I will support the Constitution of the United States. ' "

If any Commission Member were to conduct an investigation, it would be in direct violation of the United States Constitution. This Commission Member is not currently authorized by the Commission to conduct any investigation due to the lack of taking a current Oath of Office.

Additionally, the U.S. Supreme Court case, <u>Nguyen v. United States</u>, 539 U.S. 69 (2003), says that if one judge is incompetent to sit on a panel, the rest of the panel cannot serve by themselves as a panel. When <u>Nguyen v. United States</u>, supra, is interpreted in this matter before the United States Securities and Exchange Commission, **a quorum of board members must consist *first* of a legally, properly constituted board** of which each member has <u>sworn</u> to uphold the U.S. Constitution and Federal statutes. If a judicial officer failed to take and file his Oath of Office and/or Statement of Officer, he is <u>not</u> a "defacto officer". The recent U.S. Supreme Court case of <u>Nguyen v. United States</u>, supra, ruled and

- 4 -

teaches that a statutory provision that embodies weighty congressional policy concerning the proper organization of a court negates the application of "defacto officer" doctrine.   In the U.S. Constitution, there are weighty, statutory and constitutional provisions for taking and filing of the Oath of Office and Statement of Officer.

Since the Luis A. Aguilar, as a Commissioned Officer, has neglected and/or refused to take and file his official Oath of Office, his respective office and the duties of his respective office cannot be nor could have ever been considered in effect. Thumb-nosing of the U.S. Constitution, Federal Statute and numerous court decisions cannot be tolerated for the sake of fairness and the fear of anarchy.

Without the filing of his demanded Oath of Office, Luis A. Aguilar, who is a alleging to be and acting as a Commission Member is without any title to any office and without any authority to act—indeed nothing more than an "individual" without a genuine interest in administering justice, as he is <u>not</u> bound by any oath to support the U.S. Constitution and Federal Statutes which prohibit the taking of bribes.

In conclusion, failure of a commissioned officer to *renew* his or her sworn oath in a timely manner, as required by law, leaves such office vacant.  No lawful delegation of authority is conveyed in the absence of a meticulous obedience to the law.

1    Failure by someone appointed to an office to meticulously follow the law, in

2  particularity, regarding the sworn Oath of Office leaves the purported office to be

3

4  filled still *vacant*, as the law conveys no lawful delegation of authority to anyone

5  other than those who have followed the law and properly made their sworn Oath of

6  Office.

7

8    Failure of a legally, properly constituted Board cannot then form a quorum.

9  A quorum can only be formed if all of the Commissioned Members have taken a

10  proper Oath of Office.

11

12    THEREFORE, IT IS Prayed that this Respondent's Motion to Quash to

13  Show Cause be granted.

14    Respectfully submitted this _18_ day of November,

15  2013.

Redwater Funding Group, LLC, Pro se

16

17

18  by _____
   Raymon Chadwick

19  539 Crossland Boulevard
   Grand Prairie, Texas  75052

20  Email: rchadwick20@gmail.com

21

22

23

24

25

26

## VERIFICATION

IT IS HEREBY Certified that the facts in the foregoing pleadings are true

and correct under penalties of perjury to the best of my knowledge and belief.

Redwater Funding Group, LLC

by _____

Raymon Chadwick

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the foregoing Defendant's Motion to

Quash an Order to Show Cause was emailed to those listed on the _____ day of

November, 2013.

Redwater Funding Group, LLC

by _____

Raymon Chadwick

Sam S. Puthasnanon
email: puathasnanons@sec.gov

Sana Muttalib
email: muttalibs@sec.gov

Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California  90036

Exhibit "A"

# APPOINTMENT AFFIDAVITS

A Member of the Securities and Exchange Commission
for the remainder of the term expiring June 5, 2010

_(Position to which Appointed)_

June 30, 2008

_(Date Appointed)_

U.S. Securities and Exchange Commission

_(Department or Agency)_     _(Bureau or Division)_

Washington, DC

_(Place of Employment)_

I, _____Luis Aguilar_____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_(Signature of Appointee)_

Subscribed and sworn (or affirmed) before me this 31st day of _____July_____, 2008

at _____Atlanta_____     _____Georgia_____

_(City)_     _(State)_

(SEAL)

_(Signature of Officer)_

Matthew O. Simmons

Judge Superior Court

_(Title)_

Clayton Jud. Circuit

Commission expires_____

_(If by a Notary Public, the date of his/her Commission should be shown)_

Note – If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable