O

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  IN THE MATTER OF AN              )  Case No. CV 13-08314 DDP (Ex)
    APPLICATION TO ENFORCE           )
12  ADMINISTRATIVE SUBPOENAS OF      )  **ORDER DENYING MOTIONS FOR CHANGE**
    THE SECURITIES AND EXCHANGE      )  **OF VENUE**
13  COMMISSION,                      )
                                     )  [DKT Nos. 14, 16, 17, 18, 19, 20]
14            Petitioner,            )
                                     )
15       v.                          )
                                     )
16  BOBBY JONES, RAYMON              )
    CHADWICK, TERRY JOHNSON,         )
17  INNOVATIVE GROUP, REDWATER       )
    FUNDING GROUP, LLC and           )
18  EXPECTRUM, LLC,                  )
                                     )
19            Respondents.           )
                                     )
20  _____   )

21

22       Before the court are motions for change of venue filed by

23  Respondents Bobby Jones, Raymon Chadwick, Terry Johnson, Innovative

24  Group, Redwater Funding Group, LLC, and Expectrum, LLC. The motions

25  are briefed and suitable for adjudication without oral argument.

26  Having considered the parties' submissions, the court now adopts

27  the following order.

28  ///

## I.     BACKGROUND

On November 8, 2013, the Securities and Exchange Commission (SEC) applied for an order compelling compliance by Respondents with administrative subpoenas served on Respondents on August 26, 2013. (DKT No. 1.) The court will address this application in a separate order.

During November 22 through 27, Respondents filed *pro se* motions for change of venue to the United States District Court for the Northern District of Texas. (DKT Nos. 14, 16-20.) With the exception of the Respondents' names, each of the six motions contain identical text.

The only relevant fact alleged by Respondent is that "the majority of defendant's/parties reside in the Northern District of Texas." (Mots. at 2.) Five of the six Respondents list addresses in various Texas cities in their moving papers, (DKT Nos. 16-20), while the sixth, Bobby Jones, lists an address in Phoenix, Arizona (DKT No. 14).

## II.  LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In considering a motion for a change of venue, the court must consider, as a threshold matter, if venue in the requested district would have been proper.  If so, the Court must then balance the convenience of the parties, the convenience of the witnesses, and the interests of justice.  E. &

1   *J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D.
2   Cal. 1994).

3        The moving party bears the burden of showing the balance of
4   inconveniences to it.  *E. & J. Gallo Winery*, 899 F. Supp. at 466.
5   "The defendant must make a strong showing of inconvenience to
6   warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*
7   *v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

8

9   **III. DISCUSSION**

10       The Court first considers whether this suit could have been
11  brought in the district to which Respondents seek to transfer this
12  action. Venue in a federal question case such as this one is
13  governed by 28 U.S.C. § 1391(b). Subsection (b) provides that venue
14  is proper only in a judicial district: (1) where any defendant
15  resides; (2) where a substantial part of the events or omissions
16  giving rise to the claim occurred; or (3) where any defendant may
17  be found, if there is no district in which the action may otherwise
18  be brought. See 28 U.S.C. § 1391(b)(1)-(3).

19       Respondents assert, in conclusory fashion, that this action
20  could have been brought in the Northern District of Texas. (Mots.
21  at 2.) The SEC does not appear to contest this assertion. The court
22  does not have the facts before it necessary to reach a finding on
23  this question. Nevertheless, because it will not affect the outcome
24  of its analysis, the court assumes for the purposes of this motion
25  that the action could have been brought in the Northern District of
26  Texas.

27       The Court is next tasked with determining whether Respondents
28  have demonstrated that the transfer is warranted. The first

1   consideration under § 1404(a) is convenience to the parties and

2   witnesses. The SEC asserts, and the court agrees, that such

3   convenience factors carry little weight in the context of a summary

4   enforcement proceeding such as the present one. (Opp. at 3.) As the

5   SEC notes, federal securities laws authorize the SEC to seek to

6   enforce its administrative subpoenas in streamlined enforcement

7   proceedings. See SEC v. McCarthy, 322 F.3d 650, 655-59 (9th Cir.

8   2003) (explaining that the Exchange Act authorizes summary

9   proceedings to enforce SEC subpoenas).[1] Unlike civil lawsuits,

10  summary enforcement proceedings do not typically involve discovery,

11  testimony from parties or witnesses, or the presentation of

12  evidence.  See U.S. v. Firestone Tire & Rubber Co., 455 F. Supp.

13  1072, 1078 (D.D.C. 1978) ("A proceeding to enforce a subpoena or a

14  special order is summary in nature, and except in the most

15  extraordinary circumstances, discovery and testimony are not

16  allowed."). As a result, the inconvenience to parties and witnesses

17  associated with litigation, as may be considered under § 1404(a),

18  is largely eliminated. See, e.g., FTC v. Carter, 464 F. Supp. 633,

19  637 (D.D.C. 1979 ("in summary proceedings such as this testimony

20  from parties or witnesses is rarely necessary," thereby

21  "eliminat[ing] a significant convenience factor involved in the §

22  1404(a) determinations"). In the case at bar, Respondents have made

23  no attempt to explain how the minimal burdens placed on them by

24

25      [1] McCarthy also explained that "summary proceedings may be

26  'conducted without formal pleadings, on short notice, without
    summons and complaints, generally on affidavits, and sometimes even

27  ex parte.'"  McCarthy, 322 F.3d at 655 (9th Cir. 2003) (quoting
    New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 406 (1960)).

28

1  this summary enforcement proceeding constitutes undue inconvenience

2  so as to justify a transfer of venue.

3      Nor have Respondents explained how the interests of justice

4  are in any way served by a change in venue to the Northern District

5  of Texas. Respondents merely assert, with no explanation, that a

6  change in venue would serve the interests of justice. (Mots. at 3.)

7      In sum, the court finds that Respondents have failed to meet

8  their burden of demonstrating why Plaintiff's choice of venue

9  should be disturbed.

10

11 **III. CONCLUSION**

12      For the foregoing reasons, the Court DENIES Respondent's

13 motion to transfer.

14

15 IT IS SO ORDERED.

16

17 Dated: December 13, 2013

_____
DEAN D. PREGERSON
United States District Judge