Redwater Funding Group LLC
Raymon Chadwick, Pro se
539 Crossland Boulevard
Grand Prairie, Texas 75052
Email: rchadwick20@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
JAN 1 4 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENAS OF THE SECURITIES AND EXCHANGE COMMISSION, <br><br> Applicant, <br><br> v. <br><br> BOBBY JONES, RAYMON CHADWICK, TERRY JOHNSON, INNOVATIVE GROUP, REDWATER FUNDING GROUP, LLC AND EXPECTRUM, LLC, <br><br> Respondents. | NO. CV13-08314-DDP (Ex) <br><br> RESPONSE TO SUBPOENA |

NOW COMES Respondent, Redwater Funding Group LLC c/o Raymon Chadwick, to file this Response to Subpoena and would the Court the following to wit:

These records are Personal Records.

1. The U.S. Supreme Court ruled that a person subject to a subpoena may use proper good-faith objections to each specific request.

My answer is, "<u>I object on the grounds of the 1st, 4th and 5th Amendments to the U.S. Consitution and that you have not followed the proper procedures.</u>"

The specific grounds of the 1st, 4th and 5th Amendments' answers –

<u>1st Amendment</u> – Right of privacy and right not to speak or act.

<u>4th Amendment</u> – Right of privacy and right to be secure in private books and records.

<u>5th Amendment</u> – Right to privacy and right not to incriminate myself.

In addition, the investigation is not the kind authorized by statute –

"We recently reaffirmed the principle that the privilege against self-incrimination can be asserted 'in any proceeding civil or criminal, administrative or judicial, investigatory or adjudicatory." <u>Maness v. Meyers</u>, 419 U.S. 449.

The Respondent in this case has properly utilized his proper good faith objections to each specific question and request for records. A Respondent can challenge a summons on any appropriate grounds. <u>Reisman v. Caplan</u>, 375 U.S. 440.

The Circuits have held that the self-incrimination clause of the Fifth Amendment applies in all instances where a Respondent has reasonable cause to apprehend criminal prosecution. The Respondent does not have to make some showing that there is an appreciable possibility of prosecution for a non-tax crime.

2

U.S. v. Troescher, 99 F.3d 933 (9th Cir. 1996); Fuller v. U.S., 786 F.2d 1437 (9th Cir. 1986); Brooks v. Hilton Casinos, Inc., 959 F.2d 757 (9th Cir. 1992), and the Fifth Amendment privilege can be claimed in any proceeding, be it criminal or civil, administrative or judicial, investigatory or adjudicatory. (Emphasis added) Re Gault, 387 U.S. 1; Maness v. Meyers, supra. It protects any disclosures which the witness may reasonable apprehend could be used in a criminal prosecution or which could lead to other evidence that might be so used…the privilege may…be claimed in a civil or administrative proceeding, if the statement is or may be inculpatory. (Emphasis added) Re Gault, supra.

In addition, any compulsory discovery by compelling the production of his private books and papers to forfeit has property is contrary to the principles of a free government and a violation of the Fourth Amendment. Boyd v. United States, 116 U.S. 616.

The Respondent in this case also objected to the production of private books and papers with the proper good faith objection of the Fourth Amendment. This was due to the fear of forfeiting his property when they had no due process procedures in taking the property.

If this subpoena is enforced, the Respondent would be providing to the prosecutor incriminating documents or evidence which involved producing his

own incrimination books and records with an authentication of said books and records. These records are personal, self-created business records.

The Fifth Circuit has conclusively held that records of an individual are immune from production on the basis of Boyd v. United States, 116 U.S. 616, Stuart v. United States, 416 F.2d 459 (5th Cir. 1969); In re McCoy, 601 F.2d 162 (5th Cir. 1979); In re Oswalt, 607 F.2d 645 (5th Cir. 1979); In RE Grand Jury Subpoena (Kent), 646 F.2d 963 (5th Cir. 1981); and United States v. Meeks, 642 F.2d 733 (5th Cir. 1981) this principle was upheld. More specifically, in United States v. Davis, 636 F.2d 1028, 1043 (5th Cir. 1981), that Court held:

> "Their cumulative teaching is that an incriminating papers in the actual or constructive possession of an individual, which he holds in his individual capacity...and which he himself wrote or which were written under his immediate supervision, are absolutely protected by the Boyd principle from production by subpoena or equivalent process, regardless of whether they are business-related or more inherently personal in content."

The U.S. Supreme Court in Boyd v. United States, supra, clearly held that compulsory production via subpoena or summons of books, records and other documents in the possession of a witness was not permitted by the Fifth Amendment. This decision prevailed and effectively prevented the government from obtaining such written documentation from one having potential criminal liability, as is the case with the Appellant.

All of the above foregoing examples of bad faith on the part of the Board when cumulatively and collectively added together establishes a substantial question as to whether the Court's judicial process would be abused if the subpoena was enforced.

2. Same objection as Item 1.

3. Same objection as Item 1.

4. Same objection as Item 1.

5. Same objection as Item 1.

6. Same objection as Item 1.

7. Same objection as Item 1.

8. Same objection as Item 1.

9. Same objection as Item 1.

10. Same objection as Item 1.

11. Same objection as Item 1.

12. Same objection as Item 1.

13. Same objection as Item 1.

14. Same objection as Item 1.

15. Same objection as Item 1.

16. Same objection as Item 1.

17. Same objection as Item 1.

18. Same objection as Item 1.

19. Same objection as Item 1.

THEREFORE, IT IS Prayed that the enforcement of the subpoena be ruled illegal.

Respectfully submitted this __10__ day of January, 2014.

Redwater Funding Group

By: Raymon Chadwick, Pro se
539 Crossland Boulevard
Grand Prairie, Texas  75052
Email:  rchadwick20@gmail.com

## VERIFICATION

IT IS HEREBY Certified that the facts in the foregoing pleadings are true and correct under penalties of perjury to the best of my knowledge and belief.

Redwater Funding Group

By: Raymon Chadwick

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the foregoing Response to Subpoena was emailed to those listed on the _10_ day of January, 2014.

Redwater Funding Group

_____
by: Raymon Chadwick

Sam S. Puthasnanon
Email: puathasnanons@sec.gov

Sana Muttalib
Email: muttalibs@sec.gov

Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036